Matter of Jones v General Traffic Equip. Corp. (2020 NY Slip Op 00660)





Matter of Jones v General Traffic Equip. Corp.


2020 NY Slip Op 00660


Decided on January 30, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 30, 2020

529069

[*1]In the Matter of the Claim of Renford Jones, Claimant,
v
General Traffic Equipment Corp. et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date: January 10, 2020

Before: Garry, P.J., Mulvey, Devine, Pritzker and Colangelo, JJ.


William O'Brien, State Insurance Fund, New York City (Rudolph Rosa Di Sant of counsel), for appellants.
Letitia James, Attorney General, New York City (Steven Segall of counsel), for respondent.



Pritzker, J.
Appeals (1) from a decision of the Workers' Compensation Board, filed October 30, 2018, which ruled that the employer and State Insurance Fund failed to comply with 12 NYCRR 300.13 (b) (1) and denied review of a decision by the Workers' Compensation Law Judge, and (2) from a decision of said Board, filed January 16, 2019, which denied the employer and State Insurance Fund's application for reconsideration and/or full Board review.
In 2008, claimant sustained a work-related injury to his back and, after his claim for workers' compensation benefits was established, he was ultimately classified with a permanent partial disability in 2013. In March 2018, claimant's counsel filed a request for further action (RFA-1LC form), with attached tax returns, seeking a hearing to modify tentative awards of reduced earnings to actual reduced earnings rates. A hearing ensued, at the conclusion of which a Workers' Compensation Law Judge (hereinafter the WCLJ) made oral and written findings modifying certain prior awards. With respect to the award for the period from January 1, 2017 to January 1, 2018, the WCLJ noted in its written decision that the State Insurance Fund, acting on behalf of the employer (hereinafter collectively referred to as SIF), "takes protective exception" from that award. SIF subsequently filed an application for Board review (form RB-89), with an accompanying letter brief, seeking review of the WCLJ's decision. The Workers' Compensation Board issued a decision denying SIF's application for Board review because the application was not filled out completely and, therefore, did not comply with the Board's proscribed formatting requirements. SIF's subsequent application for reconsideration and/or full Board review was denied. SIF appeals from both decisions.
We reverse. Under the Board's regulations, "'an application to the Board for administrative review of a decision by a WCLJ shall be in the format as prescribed by the Chair of the Board'" (Matter of Perry v Main Bros. Oil Co., 174 AD3d 1257, 1258 [2019], quoting 12 NYCRR 300.13 [b] [1] [brackets omitted]; see Matter of Swiech v City of Lackawanna, 174 AD3d 1001, 1004 [2019]; Matter of Waufle v Chittenden, 167 AD3d 1135, 1136 [2018]) and "must be filled out completely" (12 NYCRR 300.13 [b] [1]; see Matter of Jones v Human Resources Admin., 174 AD3d 1010, 1011 [2019], lv denied 34 NY3d 906 [2019]; Matter of Presida v Health Quest Sys., Inc., 174 AD3d 1196, 1197 [2019]; see also Workers' Comp Bd Release Subject No. 046-940 [Apr. 27, 2017]). As relevant here, an application for Board review "shall specify the objection or exception that was interposed to the [WCLJ's] ruling, and when the objection or exception was interposed" (12 NYCRR 300.13 [b] [2] [ii] [emphasis added]). "The Board may deny an application for review where the party seeking review, other than a claimant who is not represented by counsel, fails to fill out completely the application" (Matter of Perry v Main Bros. Oil Co., 174 AD3d at 1259; see 12 NYCRR 300.13 [b] [4]; Matter of Waufle v Chittenden, 167 AD3d at 1136). "In this regard, the Board has made clear that forms RB-89 and RB-89.1 will not be considered complete where a party responds to items on the form merely by referring to attached documentation without further explanation or where critical items are left blank (particularly in response to [i]tems 11 through 15 on form RB-89)" (Matter of McCorry v BOCES of Clinton, Essex, Warren & Washington Counties, 175 AD3d 1754, 1755 [2019] [internal quotation marks, citation, brackets and ellipsis omitted]; see Matter of Perry v Main Bros. Oil Co., 174 AD3d at 1258; Matter of Jones v Human Resources Admin., 174 AD3d at 1012; Matter of Presida v Health Quest Sys., Inc., 174 AD3d at 1197; see also 12 NYCRR 300.13 [b] [3] [iii]).
When SIF filed its application for Board review on May 14, 2018,[FN1] question number 15 on that form, as well as the accompanying instructions in effect at that time, requested that it "[s]pecify the objection or exception interposed to the ruling and when the objection or exception was interposed as required by 12 NYCRR 300.13 (b) (2) (ii)." In response to question number 15, SIF stated, "Objection to awards for 1/1/17 — 1/1/18 taken per DAR at about 7:43 (minutes:seconds)." The Board found that SIF's response was incomplete because it failed "to state the date of the hearing at which the objection was made." We find it significant, however, that, unlike a case where there are multiple hearing dates, here the record reflects that there was only one hearing date, which occurred on April 30, 2018, to address the request for further action filing made by claimant's counsel. SIF's response provided the exact time in the digital audio recording of the hearing when its objection took place, and, given that there was only one hearing date, there is no ambiguity in SIF's response as to when that objection occurred. In our view, SIF's response to question number 15 complied with the Board's regulatory formatting requirements by providing the time when it made its objection at the one and only hearing date (see 12 NYCRR 300.13 [b] [2] [ii]).
We recognize that, in Subject No. 046-1119, the Board has posited that "the [hearing] date when the objection or exception was interposed must be listed" in response to question number 15 on the RB-89 form (Workers' Comp Bd Release Subject No. 046-1119 [Nov. 23, 2018], citing 12 NYCRR 300.13 [b] [2] [ii]). However, Subject No. 046-1119 — as well as the Board's other November 2018 documents providing clarification of its formatting requirements (see Workers' Comp Bd, Office of General Counsel, Guidance Document on the Proper Application of Board Rule 300.13 [Nov. 23, 2018]; Workers' Comp Bd, Supplement: 300.13 Items: decisional examples [Nov. 23, 2018]) — postdate the instant May 2018 application for Board review and are, therefore, of no import here (see Matter of Williams v Village of Copenhagen, 175 AD3d 1745, 1747-1748 [2019]).[FN2] Accordingly, under the circumstances presented here in which SIF provided the requisite temporal element in its response to question number 15, we find that the Board abused its discretion in denying SIF's application for Board review (see 12 NYCRR 300.13 [b] [2] [ii]; [b] [4]; cf. Matter of Johnson v All Town Cent. Transp. Corp., 165 AD3d 1574, 1575 [2018]).
In view of the foregoing, SIF's appeal from the Board's denial of its application for reconsideration and/or full Board review is rendered academic.
Garry, P.J., Mulvey, Devine and Colangelo, JJ., concur.
ORDERED that the decision filed October 30, 2018 is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.
ORDERED that the appeal from the decision filed January 16, 2019 is dismissed, as academic, without costs.



Footnotes

Footnote 1: We note that, although SIF used the prior September 2016 version of the RB-89 form, the Board explains in Subject No. 046-1024 that it would "continue to accept the 9-16 version of the [RB-89 series] forms until June 1, 2018. After that date, no prior versions will be accepted" (Workers' Comp Bd Release Subject No. 046-1024 [May 3, 2018]). As such, SIF's use of the September 2016 RB-89 form to file its May 2018 application for Board review was acceptable to the Board.

Footnote 2: We note, however, that the Board's November 2018 guidance document states that, with regard to responding to question number 15 completely, "[i]f there is only one hearing in the case, then specification of the date of the hearing is not required" (Workers' Comp Bd, Office of General Counsel, Guidance Document on the Proper Application of Board Rule 300.13, at 5 [Nov. 23, 2018]).