Matter of Granica v Town of Hamburg (2020 NY Slip Op 01542)





Matter of Granica v Town of Hamburg


2020 NY Slip Op 01542


Decided on March 5, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 5, 2020

528582

[*1]In the Matter of the Claim of Michael Granica, Respondent,
v
Town of Hamburg et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date: February 10, 2020

Before: Lynch, J.P., Clark, Devine, Pritzker and Reynolds Fitzgerald, JJ.


Law Offices of Melissa A. Day, PLLC, Amherst (James B. Cousins of counsel), for appellants.
Dolce Panepinto PC, Buffalo (Holly L. Schoenborn of counsel), for Michael Granica, respondent.



Clark, J.
Appeal from a decision of the Workers' Compensation Board, filed August 6, 2018, which ruled that the employer and its third-party administrator failed to comply with 12 NYCRR 300.13 (b) and denied review of a decision by the Workers' Compensation Law Judge.
In 2011, claimant experienced a work-related accident, and his subsequent claim for workers' compensation benefits was established for injuries to his back and neck. In October 2017, claimant's attending physician filed an MG-2 form requesting authorization to perform lumbar surgery to treat the pain that claimant was experiencing from his back injury. The employer and its third-party administrator (hereinafter collectively referred to as the employer) denied the request. Following the deposition of claimant's attending physician and a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) approved the variance request for causally-related lumbar surgery. The employer subsequently filed an application for Board review (form RB-89), with an accompanying letter brief, seeking review of the WCLJ's decision. The Workers' Compensation Board issued a decision denying the employer's application for Board review because the application was not filled out completely and, therefore, did not comply with the Board's proscribed formatting requirements. The employer appeals.
We reverse. "As we have previously stated, the Board may adopt reasonable rules consistent with and supplemental to the provisions of the Workers' Compensation Law, and the Chair of the Board may make reasonable regulations consistent with the provisions [there]of" (Matter of Luckenbaugh v Glens Falls Hosp., 176 AD3d 1281, 1282 [2019] [internal quotation marks and citations omitted]; see Matter of Jones v Human Resources Admin., 174 AD3d 1010, 1011 [2019], lv denied 34 NY3d 906 [2019]). To that end, "an application for Board review must be filled out completely in the format prescribed by the . . . Chair" (Matter of McCorry v BOCES of Clinton, Essex, Warren & Washington Counties, 175 AD3d 1754, 1755 [2019] [internal quotation marks, brackets and citations omitted]; see 12 NYCRR 300.13 [b] [1]; Matter of Perry v Main Bros Oil Co., 174 AD3d 1257, 1258 [2019]) and "pursuant to the instructions for each form" (Matter of Perry v Main Bros Oil Co., 174 AD3d at 1258 [internal quotation marks and citation omitted]; see Matter of Luckenbaugh v Glens Falls Hosp., 176 AD3d at 1282; Matter of Presida v Health Quest Sys., Inc., 174 AD3d 1196, 1197 [2019]). As relevant here, an application for Board review "shall specify the objection or exception that was interposed to the [WCLJ's] ruling, and when the objection or exception was interposed" (12 NYCRR 300.13 [b] [2] [ii]). "The Board may deny an application for review where the party seeking review, other than a claimant who is not represented by counsel, fails to fill out completely the application" (Matter of Sherry v Moncon, Inc., 178 AD3d 1248, 1249 [2019] [internal quotation marks and citations omitted]; see 12 NYCRR 300.13 [b] [4]).
When the employer filed its application for Board review on March 2, 2018, question number 15 on that form, as well as the accompanying instructions in effect at that time, requested that it "[s]pecify the objection or exception interposed to the ruling and when the objection or exception was interposed as required by 12 NYCRR 300.13 (b) (2) (ii)" (emphasis added). In response to question number 15, the employer stated, "Upon information and belief an exception/objection was noted prior to the conclusion of the hearing." The Board found that the employer's response was incomplete because the employer "failed to identify the date it interposed an objection on the record in response to [question number] 15" (emphasis added). Although the Board has consistently found that listing the hearing date at which the objection or exception was made constitutes a complete response to question number 15, the regulation only requires the applicant to state when the objection or exception occurred (see 12 NYCRR 300.13 [b] [2] [ii]). Here, the employer's response to question number 15 stated when the objection was made, that is, at "the conclusion of the hearing," at which time the employer stated, "A protective exception, please, your Honor." In our view, the employer's response stated when the objection occurred,[FN1] and, therefore, the response was complete and complied with the Board's regulatory formatting requirements (see 12 NYCRR 300.13 [b] [2] [ii]; Matter of Jones v General Traffic Equip. Corp., ___ AD3d ___, ___, 2020 NY Slip Op 00660, *1 [2020]).
We recognize that, in Subject No. 046-1119, the Board announced that "the [hearing] date when the objection or exception was interposed must be listed" in response to question number 15 on the RB-89 form (Workers' Comp Bd Release Subject No. 046-1119 [Nov. 23, 2018], citing 12 NYCRR 300.13 [b] [2] [ii]). However, Subject No. 046-1119 — as well as the Board's other November 2018 documents providing clarification of its formatting requirements (see Workers' Comp Bd, Office of General Counsel, Guidance Document on the Proper Application of Board Rule 300.13 [Nov. 23, 2018]; Workers' Comp Bd, Supplement: 300.13 Items: decisional examples [Nov. 23, 2018]) — postdate the instant March 2018 application for Board review and are, therefore, of no import here (see Matter of Jones v General Traffic Equip. Corp., 2020 NY Slip Op 00660 at *1; Matter of Williams v Village of Copenhagen, 175 AD3d 1745, 1747-1748 [2019]).[FN2] Accordingly, under the circumstances presented here, in which the employer provided specific temporal information in its response to question number 15, we find that the Board abused its discretion in denying the employer's application for Board review because it failed to list the specific date of the hearing (see 12 NYCRR 300.13 [b] [2] [ii]; [4]; Matter of Jones v General Traffic Equip. Corp., 2020 NY Slip Op 00660 at *1; cf. Matter of Johnson v All Town Cent. Transp. Corp., 165 AD3d 1574, 1575 [2018]). In light of our decision, the employer's remaining contentions are academic.
Lynch, J.P., Devine, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: The record reflects that there was only one hearing date, which occurred on January 29, 2018, to address the variance request for causally-related lumbar surgery (see Matter of Jones v General Traffic Equip. Corp., ___ AD3d ___, ___, 2020 NY Slip Op 00660, *1 [2020]).

Footnote 2: Additionally, the Board's November 2018 guidance document states that, with regard to responding to question number 15 completely, "[i]f there is only one hearing in the case, then specification of the date of the hearing is not required" (Workers' Comp Bd, Office of General Counsel, Guidance Document on the Proper Application of Board Rule 300.13, at 5 [Nov. 23, 2018]).