Matter of Narine v Montefiore Med. Ctr. (2020 NY Slip Op 02142)





Matter of Narine v Montefiore Med. Ctr.


2020 NY Slip Op 02142


Decided on April 2, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 2, 2020

528379

[*1]In the Matter of the Claim of Millicent Narine, Appellant,
v
Montefiore Medical Center et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: February 19, 2020

Before: Garry, P.J., Clark, Devine, Pritzker and Colangelo, JJ.


Law Office of Michael Lawrence Varon, PLLC, White Plains (Michael Lawrence Varon of counsel), for appellant.
Letitia James, Attorney General, New York City (Steven Segall of counsel), for Workers' Compensation Board, respondent.



Devine, J.
Appeals (1) from a decision of the Workers' Compensation Board, filed August 1, 2018, which ruled that claimant failed to comply with 12 NYCRR 300.13 (b) and denied review of a decision by the Workers' Compensation Law Judge, and (2) from a decision of said Board, filed October 2, 2018, which denied claimant's request for reconsideration and/or full Board review.
Claimant established a claim for workers' compensation benefits for a 2015 injury to her lower back. In connection with that claim, a Workers' Compensation Law Judge (hereinafter WCLJ) issued a decision in which he credited hearing testimony from the workers' compensation carrier's doctor and made findings relating to, among other things, claimant's compensable lost time. Claimant's counsel sought review of the WCLJ's decision by submitting a form RB-89 application with the Workers' Compensation Board. The Board denied claimant's application for failure to comply with the requirements of 12 NYCRR 300.13, then rejected her application for reconsideration and/or full Board review. Claimant appeals from both decisions.
Where, as here, a claimant is represented by counsel, 12 NYCRR 300.13 (b) (1) provides that "an application to the Board for administrative review of a decision by a [WCLJ] shall be in the format as prescribed by the Chair [of the Board]." The application is embodied in form RB-89, which the Board has made clear "must be filled out completely" (12 NYCRR 300.13 [b] [1]; see Matter of Luckenbaugh v Glens Falls Hosp., 176 AD3d 1281, 1282 [2019]) and in accordance with the form instructions (see Matter of Perry v Main Bros Oil Co., 174 AD3d 1257, 1258 [2019]; Workers' Comp Bd Release Subject No. 046—940). The Board, in its discretion, may deny an application for review where a party who is represented by counsel submits a form that is not filled out completely (see Matter of Sherry v Moncon, Inc., 178 AD3d 1248, 1249 [2019]; Matter of Johnson v All Town Cent. Transp. Corp., 165 AD3d 1574, 1574-1575 [2018]).
Claimant filed her application for Board review on March 13, 2018, and question number 15 on the form RB-89 application and the accompanying instructions directed her to "[s]pecify the objection or exception interposed to the [WCLJ's] ruling and when it was interposed as required by 12 NYCRR 300.13 (b) (2) (ii)" (see Matter of Jones v General Traffic Equip. Corp., 179 AD3d 1427, 1429 [2020]; Workers' Comp Bd, Instructions for Completing RB-89 [Jan 2018]; Workers' Comp Bd Release Subject No. 046—940). Claimant responded by stating that "an exception was noted at the hearing on [January 11, 2018]," that the WCLJ had noted that exception in his decision and that the "objection [was] continued by way of" the application for Board review. The Board found that this response was deficient because it failed to identify the exception. This finding overlooked the information already provided in the application for Board review, however, as claimant made clear in her responses to question numbers 11 and 12 that the challenged ruling was the finding of "no compensable disability" from May 10, 2017 to November 27, 2017 and that the issue was whether the WCLJ had erred in crediting certain medical testimony to make that ruling. Claimant identified the ruling at issue in those responses and, by citing the "exception" continued in her "application for review," her response to question number 15 unambiguously referred to the ruling named in her prior responses so as to provide the information required by 12 NYCRR 300.13 (b) (2) (ii) and demanded by the form instructions (see e.g. Matter of Jones v General Traffic Equip. Corp., 179 AD3d at 1429-1430). As a result, the Board abused its discretion in denying claimant's application for Board review upon the ground that she had failed to provide the requisite information (see id. at 1430; cf. Matter of Cotter v Town of W. Seneca, 180 AD3d 1122, ___, 2020 NY Slip Op 00898, *1 [2020]; Matter of Parrales v New York Popular, Inc., 179 AD3d 1416, 1417 [2020]; Matter of Jones v Chedeville, Inc., 179 AD3d 1272, 1274 [2020]).
Claimant's remaining arguments, including any issues relating to the Board's denial of her application for reconsideration and/or full Board review, are academic.
Garry, P.J., Clark, Pritzker and Colangelo, JJ., concur.
ORDERED that the decision filed August 1, 2018 is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.
ORDERED that the appeal from the decision filed October 2, 2018 is dismissed, as academic, without costs.