Matter of Olszewski v PAL Envtl. Safety Corp. (2022 NY Slip Op 02469)

Matter of Olszewski v PAL Envtl. Safety Corp.

2022 NY Slip Op 02469

Decided on April 14, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 14, 2022

533181
[*1]In the Matter of the Claim of Albert Olszewski, Appellant,
v
PAL Environmental Safety Corporation et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:March 24, 2022

Before:Egan Jr., J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

Schotter, Millican, Sinaniyeva & Masilela, LLP, New York City (Geoffrey Schotter of counsel), for appellant.
Vecchione, Vecchione, Connors & Cano LLP, Garden City Park (Brian M. Anson of counsel), for PAL Environmental Safety Corporation and another, respondents.
Letitia James, Attorney General, New York City (Donya Fernandez of counsel), for Workers' Compensation Board, respondent.

Fisher, J.
Appeal from a decision of the Workers' Compensation Board, filed September 23, 2020, which, among other things, denied review of a decision by the Workers' Compensation Law Judge.
In September 2017, claimant filed a claim for workers' compensation benefits, alleging that he suffered a work-related injury to his left arm. In July 2018, claimant filed another claim for workers' compensation benefits, alleging injuries to his right arm, both wrists and both knees, resulting from repetitive use, stress or strain while working. A Workers' Compensation Law Judge (hereinafter WCLJ) ultimately disallowed both claims. Claimant filed a single application for review (form RB-89) seeking to challenge both of the WCLJ's decisions. The Workers' Compensation Board denied review of that portion of the application challenging the WCLJ's decision as to the 2017 claim because claimant did not provide a separate copy of the application form for the file on that claim. The Board reviewed the WCLJ's decision on the 2018 claim and reversed, establishing the claim for occupational disease involving both knees, both wrists and the right shoulder. Claimant appeals, challenging the Board's denial of review of the WCLJ's disallowance of the 2017 claim.
The Board denied review of claimant's appeal of the WCLJ's decision on the 2017 claim based upon guidance provided in its Subject No. 046-1106. The Chair of the Board issued Subject No. 046-1106 in September 2018, advising parties that in situations where, as here, there are multiple claims for the same claimant, a form submitted to the Board may contain more than one Board claim number "but the submitter is required to submit a separate copy of the form for each claim (with the relevant [Board] [c]laim [n]umber listed first and/or underlined/circled) to ensure that a copy is placed in each case folder. Failure to submit a copy for each claim and properly identify the [Board] [c]laim [n]umber may result in duplicate filings to the same claim and therefore a penalty." Although there is no mention in Subject No. 046-1106 as to what the specific penalty would be for not providing a copy of a form that resulted in duplicate filings, the subject number advises that "[d]uplicate submissions may be deemed to be raising or continuing an issue without reasonable grounds, will never result in higher fees being granted, and may subject the sender to penalties under Workers' Compensation [L]aw § 114-a (3)." Subdivision 3 of Workers' Compensation Law § 114-a was added in 2007 (see L 2007, ch 6, § 10) in order "to provide for the assessment of costs against parties, and attorneys fees against attorneys or licensed workers' compensation representatives, who institute or maintain actions without reasonable ground" (Governor's Program Bill, Bill Jacket, L 2007, ch 6 at 6). As the penalties referenced in Subject No. 046-1106 for violating its provisions involved the assessment of costs against the violator, we conclude that the [*2]Board abused its discretion in denying review of claimant's appeal of the WCLJ's decision based on claimant's failure to provide a copy of the RB-89 form in violation of the subject number.
Additionally, we recognize that "the Board may adopt reasonable rules consistent with and supplemental to the provisions of the Workers' Compensation Law, and the Chair of the Board may make reasonable regulations consistent with the provisions [thereof]" (Matter of Luckenbaugh v Glens Falls Hosp., 176 AD3d 1281, 1282 [2019] [internal quotation marks and citations omitted]; see Matter of Granica v Town of Hamburg, 181 AD3d 1034, 1035 [2020]). "To that end, an application for Board review must be filled out completely in the formant prescribed by the Chair and pursuant to the instructions for each form" (Matter of Charfauros v PTM Mgt., 180 AD3d 1132, 1133 [2020] [internal quotation marks, ellipsis and citations omitted], lv denied 35 NY3d 909 [2020]; see 12 NYCRR 300.13 [b] [1]). We note, however, that the requirement that a party submit a copy of the RB-89 form when referencing multiple claims, or that failing to provide a copy for each claim could result in review being denied on one of the claims, is not included on the form, in the instructions to the form or in the Board's regulations.[FN1] Although the Board may certainly adopt the formatting requirement that applicants provide a copy of their RB-89 form for each claim referenced therein, we find, under the circumstances presented here, that the Board's denial of claimant's application for review of the WCLJ's decision on the 2017 claim for failing to provide the Board with an additional copy of their RB-89 form was an abuse of the Board's discretion (see generally Matter of Johnson v All Town Cent. Transp. Corp., 165 AD3d 1574, 1575 [2018]).
Egan Jr., J.P., Aarons, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the decision is modified, without costs, by reversing so much thereof as denied review of the decision by the Workers' Compensation Law Judge disallowing claimant's 2017 claim for workers' compensation benefits; matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

Footnotes

Footnote 1: The instructions for the form do advise that "if the appellant files duplicate [a]pplications, such duplicate filings may be deemed to be raising or continuing an issue without reasonable grounds, and may subject the appellant to assessments under [Workers' Compensation Law] § 114-a (3)."