Matter of Sutphin v UPS (2025 NY Slip Op 01691)

Matter of Sutphin v UPS

2025 NY Slip Op 01691

Decided on March 20, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 20, 2025

CV-24-0555
[*1]In the Matter of the Claim of Wiley Sutphin, Respondent,
v
UPS et al., Appellants, and Special Fund et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:February 13, 2025

Before:Egan Jr., J.P., Clark, Lynch, Powers and Mackey, JJ.

Falge, LaClair, Hvozda & Blair, PC, Syracuse (John I. Hvozda of counsel), for appellants.
Law Firm of Alex Dell, PLLC, Albany (Edward Obertubbesing of counsel), for Wiley Sutphin, respondent.
Habberfield Kaszycki, LLP, Buffalo (Matthew R. Musial of counsel), for Special Fund and another, respondents.
Letitia James, Attorney General, New York City (Alison Kent-Friedman of counsel), for Workers' Compensation Board, respondent.

Egan Jr., J.P.
Appeal from a decision of the Workers' Compensation Board, filed December 8, 2023, which, among other things, ruled that Liberty Mutual Insurance Corporation failed to comply with 12 NYCRR 300.13 (b).
During the course of his employment with UPS, claimant, a package car driver, sustained work-related injuries on three separate occasions resulting in three separate workers' compensation claims. The first claim (WCB No. 59602978) involved a 1995 accident resulting in an injury to claimant's back. No finding of permanency was ever made, and, in a November 2009 decision, the Special Fund was found to be liable for the claim, effective October 6, 2007, pursuant to Workers' Compensation Law § 25-a. The second claim (WCB No. 50808278) was established for a back injury that occurred in February 2001, and no awards or a finding of permanency were made. In a March 2009 decision, the Special Fund was found to be liable for the claim, effective February 19, 2008, and in a November 2009 decision, a Workers' Compensation Law Judge (hereinafter WCLJ) noted that the Special Fund reserved its rights with regard to apportionment of the claims. The third claim (WCB No. G1798241) was established for work-related injuries, which occurred in April 2017, to the left hip and right buttock and for an exacerbation to the back. In a February 2022 decision, the WCLJ directed reopening of the first and second claims to travel with the third claim on the issues of permanency and apportionment. Following a September 2022 hearing, a WCLJ continued the case on all three claims on, among other issues, apportionment. At the conclusion of a December 2, 2022 hearing, at which claimant, Neuman Claim Administrators (hereinafter NCA) (on behalf of the Special Fund in the first and second claims) and Liberty Mutual Insurance Corporation (hereinafter LM) (on behalf of the employer in the third claim) appeared, the WCLJ found no basis to legally apportion the liability to the first or second claim, directed the issues of Workers' Compensation Law § 123 and medical apportionment to be held in abeyance, and continued the case in a December 7, 2022 notice of decision. On January 6, 2023, LM filed an application for Board review (RB-89 form) in the third claim and requested apportionment between all three claims. In a December 2023 panel decision, the Workers' Compensation Board denied LM's application for Board review because LM filed its application for Board review in only the third claim and failed to file a copy of the RB-89 form in the first and second claims. LM and UPS appeal.
We reverse. To be sure, "the Board may adopt reasonable rules consistent with and supplemental to the provisions of the Workers' Compensation Law, and the Chair of the Board may make reasonable regulations consistent with the provisions [thereof]" (Matter of Luckenbaugh v Glens Falls Hosp., 176 AD3d 1281, 1282 [3d Dept 2019] [internal quotation marks and citations omitted]; see Matter of Granica v Town of Hamburg[*2], 181 AD3d 1034, 1035 [3d Dept 2020]). "To that end, an application for Board review must be filled out completely in the format prescribed by the Chair and pursuant to the instructions for each form" (Matter of Charfauros v PTM Mgt., 180 AD3d 1132, 1133 [3d Dept 2020] [internal quotation marks, ellipsis and citations omitted], lv denied 35 NY3d 909 [2020]; see 12 NYCRR 300.13 [b] [1]).
The Board denied review of LM's appeal of the WCLJ's decision on the third claim based upon guidance provided in its Subject No. 046-1106R. In that document, the Chair advises parties that in situations where, as here, there are multiple claims for the same claimant, a form submitted to the Board may contain more than one Board claim number "but the submitter is required to submit a separate copy of the form for each claim (with the relevant WCB Claim Number listed first and/or underlined/circled) to ensure that a copy is placed in each case folder. Failure to submit a copy for each claim and properly identify the WCB Claim Number may result in duplicate filings to the same claim and therefore a penalty" (Workers' Compensation Board, Subject No. 046-1106R, Reminder and Clarification Regarding Form Submission Guidelines [Apr. 22, 2022]). "If a party wants to file an Application for Board Review (Form RB-89), Rebuttal of Application for Board Review (Form RB-89.1), Application for Reconsideration/Full Board Review (Form RB-89.2) or the Rebuttal of Application for Reconsideration/Full Board Review (Form RB-89.3) in multiple claims, they must ensure a copy of the form is filed in each claim and that it properly identifies the WCB Claim Number. If a particular RB-89 form is not filed in one of the claims, or does not properly identify the WCB Claim Number, the Board will find that no application was filed regarding the decision in that claim and will deny review" (Workers' Compensation Board, Subject No. 046-1106R, Reminder and Clarification Regarding Form Submission Guidelines [Apr. 22, 2022]).
Notwithstanding the Board's advisory directive provided in Subject Number 046-1106R, we continue to note that "the requirement that a party submit a copy of the RB-89 form when referencing multiple claims, or that failing to provide a copy for each claim could result in review being denied on one of the claims, is not included on the form, in the instructions to the form or in the Board's regulations" (Matter of Olszewski v PAL Envtl. Safety Corp., 204 AD3d 1199, 1201 [3d Dept 2022] [emphasis added]).[FN1] Accordingly, as the at-issue directive is not stated on the form itself, in the instructions for completing the form or in the Board's regulations applicable to such filings (see 12 NYCRR 300.13 [b] [3]), we find that the Board's denial of LM's application for review of the WCLJ's decision in the third claim for failing to provide the Board with an additional copy of their RB-89 form was an abuse of the Board's discretion (see Matter of Olszewski v PAL Envtl. Safety Corp., 204 AD3d [*3]at 1201; Employer: Kateri Residence, 2024 WL 871461, *3, 2024 NY Wrk Comp LEXIS 1208, *7-8 [WCB No. G072 1282, G165 3993, Feb. 22, 2024]). In light of our decision, the remaining contentions of LM and UPS are academic.
Clark, Lynch, Powers and Mackey, JJ., concur.
ORDERED that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: The instructions for the RB-89 form do advise that "[i]f the appellant files duplicate applications, such duplicate filings may be deemed to be raising or continuing an issue without reasonable grounds, and may subject the appellant to assessments under [Workers' Compensation Law] § 114-a (3)" (Workers' Compensation Board, Common Forms, RB-89, Instructions for Completing RB-89 at 2 [April 2024]).