Matter of Martinez v Family Care Servs., Inc. (2020 NY Slip Op 01878)





Matter of Martinez v Family Care Servs., Inc.


2020 NY Slip Op 01878


Decided on March 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 16, 2020

529174

[*1]In the Matter of the Claim of Martha Martinez, Appellant,
v
Family Care Services, Inc., et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: February 10, 2020

Before: Lynch, J.P., Clark, Devine, Pritzker and Reynolds Fitzgerald, JJ.


Cohen & Siegel, PLLC, White Plains (Jacob Meranda of counsel), for appellant.
Letitia James, Attorney General, New York City (Steven Segall of counsel), for Workers' Compensation Board, respondent.



Devine, J.
Appeal from a decision of the Workers' Compensation Board, filed October 16, 2018, which ruled that claimant failed to comply with 12 NYCRR 300.13 (b) and denied review of a decision by the Workers' Compensation Law Judge.
Claimant, a home attendant, established a claim for an injury to her back stemming from a 2012 work-related accident as a result of lifting a patient and was awarded workers' compensation benefits. Further proceedings were conducted in claimant's case relating to her ongoing causally-related disability, attachment to the labor market and additional awards of workers' compensation benefits for various time periods. By decision filed June 11, 2018, a Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant, who had stopped working from January 4, 2018 until April 9, 2018, failed to establish that her lost time was causally related to her work-related injury or that she remained attached to the labor market. The Workers' Compensation Board denied claimant's request for review of the WCLJ's decision, ruling that claimant provided an incomplete response to question number 15 of the application (RB-89 form) by failing to specify when the objection was interposed as required by 12 NYCRR 300.13 (b) (1). Claimant appeals.
We affirm. Pursuant to the Board's regulations, an application "for administrative review of a decision by a [WCLJ] shall be in the format as prescribed by the Chair [and] must be filled out completely" (12 NYCRR 300.13 [b] [1]; see Matter of Jones v Chedeville, Inc., 179 AD3d 1272, 1273 [2020]). As set forth in the Board's regulations and in question number 15 on the application for Board review, the party seeking Board review must "specify the objection or exception that was interposed to the [WCLJ's] ruling, and when the objection or exception was interposed" (12 NYCRR 300.13 [b] [2] [ii]; see Matter of Sherry v Moncon, Inc., 178 AD3d 1248, 1249 [2019]). Where, as here, a party who is represented by counsel fails to fill the application out completely, the Board may, in its discretion, deny an application for review (see Matter of Sherry v Moncon, Inc., 178 AD3d at 1249; Matter of Drescher v Washington Cent. Sch. Dist., 177 AD3d 1225, 1227 [2019]).
In response to question number 15 on the form RB-89 application for Board review, claimant set forth the specific objection but, as to when such objection was interposed, indicated "at the hearing." Because, as noted by the Board, there were multiple hearings held in this matter, we cannot say that the Board abused its discretion in deeming claimant's response to question number 15 to be incomplete based upon her failure to specify when such objection was interposed in order to satisfy the temporal element of the regulation (see Matter of Jones v Chedeville, Inc., 179 AD3d at 1272-1273). Claimant's remaining contentions have been reviewed and we find them to be unpersuasive.
Lynch, J.P., Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.