Matter of Holman v Brinks Co. (2020 NY Slip Op 01886)





Matter of Holman v Brinks Co.


2020 NY Slip Op 01886


Decided on March 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 16, 2020

529669

[*1]In the Matter of the Claim of Michael Holman Jr., Claimant,
v
The Brinks Company et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date: February 13, 2020

Before: Garry, P.J., Lynch, Mulvey, Aarons and Reynolds Fitzgerald, JJ.


LOIS LLC, New York City (Andrea Abudayeh of counsel), for appellants.
Letitia James, Attorney General, New York City (Steven Segall of counsel), for respondent.



Aarons, J.
Appeal from a decision of the Workers' Compensation Board, filed December 26, 2018, which ruled, among other things, that the employer, its workers' compensation carrier and the third-party administrator failed to comply with 12 NYCRR 300.13 (b) (1) and denied review of a decision by the Workers' Compensation Law Judge.
By decision filed June 14, 2018, a Workers' Compensation Law Judge (hereinafter WCLJ), among other things, amended claimant's original claim for a work-related injury to his right shoulder to include a causally-related injury to his neck. The employer, its workers' compensation carrier and the third-party administrator (hereinafter collectively referred to as the carrier) filed an application with the Workers' Compensation Board seeking review of the WCLJ's decision. The Board denied the carrier's application, finding that the carrier provided an incomplete response to form RB-89 question number 15 by failing to specify when the noted objection was interposed as required by 12 NYCRR 300.13 (b) (2) (ii). This appeal by the carrier ensued.
We affirm. Consistent with the Board's established regulations, an application filed by a party seeking "administrative review of a decision by a [WCLJ] shall be in the format as prescribed by the [Board's] Chair . . . [and] must be filled out completely" (12 NYCRR 300.13 [b] [1]; see Matter of Drescher v Washingtonville Cent. Sch. Dist., 177 AD3d 1225, 1226 [2019]; Matter of Williams v Village of Copenhagen, 175 AD3d 1745, 1746-1747 [2019]). Where, as here, "a party who is represented by counsel fails to comply with the formatting, completion and service submission requirements set forth by the Board, the Board may, in its discretion, deny [the] application for review" (Matter of Johnson v All Town Cent. Transp. Corp., 165 AD3d 1574, 1574-1575 [2018]; see 12 NYCRR 300.13 [b] [4]; Matter of Perry v Main Bros Oil Co., 174 AD3d 1257, 1259 [2019]).
As relevant here, both the version of form RB-89 and the accompanying instructions then in effect required the carrier — in response to question number 15 — to "specify the objection or exception that was interposed to the [WCLJ's] ruling, and when the objection or exception was interposed" (12 NYCRR 300.13 [b] [2] [ii] [emphasis added]; see Workers' Comp Bd, Instructions for Completing RB-89 [Jan. 2018]). In response to question number 15, the carrier identified a specific objection but, as to the timing thereof, stated only that such objection was interposed "[a]t [the] hearing." There is no dispute that more than one hearing occurred in this matter and, therefore, we cannot say that the Board abused its discretion in deeming the carrier's response to question number 15 to be incomplete based upon the carrier's failure to satisfy the temporal element of the regulation. The carrier's remaining arguments relative to the denial of its application for Board review, including its assertion that it lacked notice of the degree of specificity required in responding to question number 15, have been examined and found to be unpersuasive.
Garry, P.J., Lynch, Mulvey and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.