Matter of Currie v Rist Transp. Ltd. (2020 NY Slip Op 01874)





Matter of Currie v Rist Transp. Ltd.


2020 NY Slip Op 01874


Decided on March 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 16, 2020

529015

[*1]In the Matter of the Claim of Errol G. Currie, Claimant,
v
Rist Transport Ltd. et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date: February 14, 2020

Before: Garry, P.J., Egan Jr., Mulvey, Aarons and Colangelo, JJ.


LOIS LLC, New York City (Christian Sison of counsel), for appellants.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for respondent.



Aarons, J.
Appeal from a decision of the Workers' Compensation Board, filed October 2, 2018, which ruled, among other things, that the employer and its workers' compensation carrier failed to comply with 12 NYCRR 300.13 (b) (1) and denied review of two decisions by the Workers' Compensation Law Judge.
On March 2, 2018, while working as a truck driver, claimant injured his lower back and hips when he fell backwards while getting down from a trailer. A claim for workers' compensation benefits was filed as a result and, following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) established the claim, authorized medical treatment and directed the employer's workers' compensation carrier to continue payments at the temporary partial disability rate of $206.90 per week.[FN1] Thereafter, claimant was evaluated by a physician who recommended that he undergo surgery for a right total hip replacement. Claimant was also evaluated by an orthopedic surgeon who, after conducting an independent medical examination, concluded that claimant's need for right total hip replacement surgery was not causally related to his accident at work.
Thereafter, the WCLJ conducted a hearing to address whether claimant's need for right total hip replacement surgery was causally related to his employment. The WCLJ concluded that the need for surgery was an exacerbation of claimant's preexisting osteoarthritis and was causally related to his accident at work. Counsel for the employer and the carrier (hereinafter collectively referred to as the carrier) noted an exception to this finding on the record. On May 31, 2018, the WCLJ issued a decision that, among other things, authorized surgery for claimant's right total hip replacement and continued the case to address the issue of his labor market attachment. The carrier filed an application (RB-89 form) for review of the WCLJ's decision by the Workers' Compensation Board.
While this application was pending, a hearing was conducted by the WCLJ to address the issue of claimant's labor market attachment. The WCLJ concluded that claimant was attached to the labor market and counsel for the carrier noted its exception to this finding. On July 11, 2018, the WCLJ issued a decision finding, among other things, that claimant was attached to the labor market and made awards accordingly. The carrier filed an application (RB-89 form) for review of this decision by the Board.
In October 2018, a panel of the Board, among other things, denied the carrier's applications for review of the WCLJ's May 31, 2018 and July 11, 2018 decisions. The Board found that the carrier's responses to question number 15 on both applications was incomplete and that it failed to comply with the requirements of 12 NYCRR 300.13 (b) (1). The carrier appeals.
We affirm. As we have previously noted, "the Board may adopt reasonable rules consistent with and supplemental to the provisions of the Workers' Compensation Law, and the Chair of the Board may make reasonable regulations consistent with the provisions of [such law]" (Matter of Luckenbaugh v Glens Falls Hosp., 176 AD3d 1281, 1282 [2019] [internal quotation marks and citations omitted]; see Matter of Jones v Human Resources Admin., 174 AD3d 1010, 1011 [2019], lv denied 34 NY3d 906 [2019]). A party who is represented by counsel must submit an application for review "in the format prescribed by the [C]hair [of the Board]" and such application "must be filled out completely" (12 NYCRR 300.13 [b] [1]; see Matter of Williams v Village of Copenhagen, 175 AD3d 1745, 1746 [2019]; Matter of Jones v Human Resources Admin., 174 AD3d at 1011; see also Workers' Comp Bd Release Subject No. 046-940 [Apr. 27, 2017]). Furthermore, an application for Board review "shall specify the objection or exception that was interposed to the [WCLJ's] ruling, and when the objection or exception was interposed" (12 NYCRR 300.13 [b] [2] [ii] [emphasis added]; see Matter of Sherry v Moncon, Inc., 178 AD3d 1248, 1249 [2019]). Significantly, the Board may exercise its discretion and deny the application of a party who fails to comply with the formatting and completion requirements set forth in 12 NYCRR 300.13 (see Matter of Waufle v Chittenden, 167 AD3d 1135, 1136 [2018]; Matter of Johnson v All Town Cent. Transp. Corp., 165 AD3d 1574, 1574-1575 [2018]; see also 12 NYCRR 300.13 [b] [4] [i]).
Here, in its application for review of the WCLJ's May 31, 2018 decision, the carrier indicated that it was challenging the WCLJ's authorization for surgery as not causally related. In response to question number 15, asking the carrier to specify the objection or exception and when it was interposed, it responded, "[a]t hearing objection/exception noted to authorization of surgery." Moreover, in its application for review of the WCLJ's July 11, 2018 decision, the carrier indicated that it was challenging the WCLJ's finding that claimant was attached to the labor market and the improper award of indemnity benefits. In response to question number 15, asking the carrier to specify the objection or exception and when it was interposed, it responded, "[O]bjection made at hearing by [c]arrier to award of indemnity benefits and finding that [c]laimant is attached to the labor market." In neither instance did the carrier provide information identifying the specific hearing at which the objection was made as required by 12 NYCRR 300.13 (b) (2) (ii), despite the fact that there were a number of hearings conducted after the claim was filed. Given these omissions, the carrier failed to fill out the applications completely as required by 12 NYCRR 300.13 (b) (1). The carrier's reliance on other sections of the applications does not cure these defects. Accordingly, we find no abuse of discretion in the Board's denial of the carrier's applications for administrative review (see Matter of Jones v Chedeville, Inc., 179 AD3d 1272, 1274 [2020]; Matter of Sherry v Moncon, Inc., 178 AD3d at 1250; Matter of McCorry v BOCES of Clinton, Essex, Warren & Washington Counties, 175 AD3d 1754, 1756 [2019]).[FN2]
Garry, P.J., Egan Jr., Mulvey and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: Following a subsequent hearing, the WCLJ amended the claim to include injuries to claimant's left shoulder and left hand.

Footnote 2: Although the carrier also argues that the WCLJ erred in finding that claimant's right hip injury was causally related to the work accident and that he was attached to the labor market, the underlying merits of the WCLJ's decisions are not properly before us (see Matter of Fuller-Astarita v ABA Transp. Holding Co., 176 AD3d 1530, 1530 [2019]).