Matter of Barrett v BSR, LLC (2020 NY Slip Op 01883)





Matter of Barrett v BSR, LLC


2020 NY Slip Op 01883


Decided on March 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 16, 2020

529535

[*1]In the Matter of the Claim of Brendan Barrett, Claimant,
v
BSR, LLC, et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date: February 18, 2020

Before: Egan Jr., J.P., Lynch, Mulvey, Devine and Colangelo, JJ.


Goldberg Segalla, LLP, Buffalo (Cory A. DeCresenza of counsel), for appellants.
Letitia James, Attorney General, New York City (Nina M. Sas of counsel), for respondent.



Egan Jr., J.P.
Appeal from a decision of the Workers' Compensation Board, filed December 18, 2018, which ruled that the employer and its workers' compensation carrier failed to comply with 12 NYCRR 300.13 (b) (1) and denied review of a decision by the Workers' Compensation Law Judge.
Claimant injured his back while working and filed a claim for workers' compensation benefits. Following hearings, a Workers' Compensation Law Judge (hereinafter WCLJ) established the claim. The Workers' Compensation Board denied the subsequent application by the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) for review of the WCLJ's decision (RB-89 form), finding that the carrier had provided an incomplete response to question number 15 on the form by failing to specify when the noted objections were interposed as required by 12 NYCRR 300.13 (b) (2) (ii). The carrier appeals.
We affirm. "As we have previously stated, the Board may adopt reasonable rules consistent with and supplemental to the provisions of the Workers' Compensation Law, and the Chair of the Board may make reasonable regulations consistent with the provisions of the Workers' Compensation Law" (Matter of Luckenbaugh v Glens Falls Hosp., 176 AD3d 1281, 1282 [2019] [internal quotation marks and citations omitted]; see Matter of Perry v Main Bros Oil Co., 174 AD3d 1257, 1258 [2019]). The Board's regulations provide that "an application to the Board for administrative review of a decision by a Workers' Compensation Law Judge shall be in the format as prescribed by the Chair" and "must be filled out completely" (12 NYCRR 300.13 [b] [1]; see Matter of Williams v Village of Copenhagen, 175 AD3d 1745, 1746-1747 [2019]). Where, as here, "a party who is represented by counsel fails to comply with the formatting, completion and service submission requirements set forth by the Board, the Board may, in its discretion, deny an application for review" (Matter of Johnson v All Town Cent. Transp. Corp. 165 AD3d 1574, 1574-1575 [2018]; see 12 NYCRR 300.13 [b] [4]).
Both the relevant regulation and the instructions for the application for review in effect at the time the carrier filed the RB-89 form required the carrier to "specify the objection or exception that was interposed to the [WCLJ's] ruling, and when the objection or exception was interposed" (12 NYCRR 300.13 [b] [2] [ii]; Workers' Comp Bd RB-89 Instructions [09/16]). As such, the carrier had to both specify the nature of its objections or exceptions and state when such objections or exceptions were interposed in order to provide a complete response to question number 15. Although in its response the carrier specified the objections or exceptions that were interposed, we note, as noted by the Board, that multiple hearings were held and, by not referencing the hearing date at which the objections were raised, the carrier failed to satisfy the regulation's temporal element. Accordingly, the Board did not abuse its discretion in denying the carrier's application for Board review and its decision will not be disturbed (see 12 NYCRR 300.13 [b] [2] [ii]; [b] [4]). The carrier's remaining contentions have been examined and found to be lacking in merit.
Lynch, Mulvey, Devine and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.