Matter of Mone v Deer Park Sand & Gravel Corp. (2020 NY Slip Op 02228)





Matter of Mone v Deer Park Sand & Gravel Corp.


2020 NY Slip Op 02228


Decided on April 9, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 9, 2020

529101

[*1]In the Matter of the Claim of Robert Mone, Claimant,
v
Deer Park Sand & Gravel Corp. et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date: February 21, 2020

Before: Egan Jr., J.P., Lynch, Devine, Aarons and Colangelo, JJ.


LOIS LLC, New York City (Ashlee Allgayer of counsel), for appellants.
Letitia James, Attorney General, New York City (Steven Segall of counsel), for respondent.



Colangelo, J.
Appeal from a decision of the Workers' Compensation Board, filed October 17, 2018, which ruled that the employer, its workers' compensation carrier and the third-party administrator failed to comply with 12 NYCRR 300.13 (b) and denied review of a decision by the Workers' Compensation Law Judge.
In February 2018, claimant filed an application for workers' compensation benefits alleging that he sustained work-related injuries to his head, neck and left finger, and the claim was controverted in all respects. A Workers' Compensation Law Judge (hereinafter WCLJ) found that there was prima facie medical evidence of injuries to claimant's neck, left hand/wrist and left ring finger. The matter was continued for a hearing to address, among other controverted issues, whether there was a causally-related injury or accident and whether the incident occurred during the course of and within the scope of employment. At the end of the hearing on May 25, 2018, the WCLJ concluded that claimant had sustained work-related injuries, set his average weekly wage and made certain temporary total disability and tentative awards. The employer, its workers' compensation carrier and the third-party administrator (hereinafter collectively referred to as the carrier) noted an exception to the WCLJ's findings, including whether any injury was sustained during the course of claimant's employment. A written decision reflecting the WCLJ's findings was then issued on May 31, 2018.
The carrier filed an application for review of the WCLJ's May 31, 2018 decision by the Workers' Compensation Board (form RB-89), maintaining that claimant's injuries were not sustained in the course of his employment. The Board determined that the carrier's application was incomplete with regard to question number 15 in that the carrier failed to specify the date of the hearing at which it had interposed the objection or exception to the WCLJ's ruling. Consequently, the Board denied the application, and this appeal by the carrier ensued.
We reverse. Pursuant to the Board's regulations, unless submitted by an unrepresented claimant, an application for Board review "must be filled out completely" (12 NYCRR 300.13 [b] [1]; see Matter of Cotter v Town of W. Seneca, 180 AD3d 1122, 1123 [2020]; Matter of Perry v Main Bros Oil Co., 174 AD3d 1257, 1258 [2019]) and "pursuant to the instructions for each form" (Matter of Charfauros v PTM Mgt., 180 AD3d 1132, 1133 [2020] [internal quotation marks and citations omitted]). As relevant here, in order to provide a complete response to question number 15, the carrier was required to "specify the objection or exception that was interposed to the [WCLJ's] ruling, and when the objection or exception was interposed" (12 NYCRR 300.13 [b] [2] [ii] [emphasis added]; see Matter of Granica v Town of Hamburg, ___ AD3d ___, ___, 2020 NY Slip Op 01542, *1-2 [2020]; Workers' Comp Bd RB-89 Instructions [Jan. 2018]).
The Board found that the carrier's response to question number 15 was not complete because it failed to specify "the date of the hearing" at which the carrier interposed its objection or exception to the ruling. "Although the Board has consistently found that listing the hearing date at which the objection or exception was made constitutes a complete response to [the temporal requirement of] question number 15" (Matter of Granica v Town of Hamburg, 2020 NY Slip Op 01542 at *2), the regulation in effect at the time that the carrier submitted its application for review in June 2018 only required the applicant to state, as pertinent here, "when" the objection or exception was interposed; it did not then require that a date be specified (12 NYCRR 300.13 [b] [2] [ii] [emphasis added]).[FN1]
In reviewing the Board's decision, we are guided by the fundamental principle of administrative law that "judicial review of an agency's determination is limited to . . . the actual grounds that were relied upon by the agency in reaching its determination" (Malchow v Board of Educ. for N. Tonawanda Cent. School Dist., 254 AD2d 608, 609 [1998]; see Matter of Scanlan v Buffalo Pub. School Sys., 90 NY2d 662, 678 [1997]; Matter of Thornton v Edwards-Knox Cent. Sch. Dist. Bd. of Educ., 105 AD3d 1206, 1208 [2013]). Given that the carrier's response to question number 15 provided temporal information, and in the absence of any finding by the Board that there were multiple hearings, we find that the Board's denial of the carrier's application for Board review on the ground it was incomplete — solely because it did not list a date of the hearing — was an abuse of discretion (see 12 NYCRR 300.13 [b] [2] [ii]; [b] [4]; cf. Matter of Martinez v Family Care Servs., Inc., ___ AD3d ___, ___, 2020 NY Slip Op 01878, *1 [2020] [box 15 stated "at the hearing" and the Board found there were multiple hearings; Court affirmed dismissal of administrative appeal]; Matter of Holman Jr. v The Brinks Co., ___ AD3d ___, ___, 2020 NY Slip Op 01886, *1 [2020] [same]; Matter of Currie v Rist Transp. LTD, ___ AD3d ___, ___, 2020 NY Slip Op 01874, *1 [2020]; Matter of Barrett v BSR, LLC, ___ AD3d ___, ___, 2020 NY Slip Op 01883, *1 [2020]; Matter of Perry v All American Sch. Bus Corp., ___ AD3d ___, ___, 2020 NY Slip Op 01869, *1 [2020]).
Egan Jr., J.P., Lynch, Devine and Aarons, JJ., concur.
ORDERED that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: We note that in November 2018, after this application for review was filed, the Board modified the instructions on the RB-89 form for question number 15 to require the specification of "the date when the objection or exception was interposed." The accompanying instructions further advised, "If the objection or exception was interposed at a hearing, the date of the hearing at which [it] was interposed must be stated," and, "[i]f [it] were interposed at a proceeding occurring off-calendar, the date of the off-calendar proceeding must be stated" (Workers' Comp Bd RB-89 Instructions [Nov. 23, 2018]; see Workers' Comp Bd Release Subject No. 046-1119 [2018]).