Matter of Lebedeva v Fojp Serv. Corp. (2020 NY Slip Op 04213)





Matter of Lebedeva v Fojp Serv. Corp.


2020 NY Slip Op 04213


Decided on July 23, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 23, 2020

529235

[*1]In the Matter of the Claim of Anna Lebedeva, Appellant,
v
Fojp Service Corporation et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: June 9, 2020

Before: Lynch, J.P., Devine, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


John F. Clennan, Ronkonkoma, for appellant.
Letitia James, Attorney General, New York City (Steven Segall of counsel), for Workers' Compensation Board, respondent.



Devine, J.
Appeals (1) from a decision of the Workers' Compensation Board, filed October 30, 2018, which ruled that claimant failed to comply with 12 NYCRR 300.13 (b) and denied review of a decision by the Workers' Compensation Law Judge, and (2) from an amended decision of said Board, filed April 17, 2019, which clarified its prior decision and ruled that it would not exercise its discretion to consider claimant's application.
In June 2017, while working as a home attendant, claimant tripped, fell and was injured. She filed a claim for workers' compensation benefits that was established for various injuries. Following a July 2018 hearing before a Workers' Compensation Law Judge (hereinafter WCLJ), the WCLJ found that claimant had reached maximum medical improvement, directed the production of medical evidence on the issue of permanency and instructed claimant to produce documentation on labor market attachment. Following another hearing in August 2018, the WCLJ, among other things, again directed the production of medical evidence on the issue of permanency and noted that no further payments should be made to claimant as she had not produced documentation on labor market attachment as instructed.
Claimant, through counsel, filed a form RB-89 application with the Workers' Compensation Board seeking review of the WCLJ's August 2018 decision. The Board ruled that claimant's response to question number 15 was insufficient and that she did not fill out the RB-89 form completely as required by 12 NYCRR 300.13 (b) (1). Consequently, the Board denied review and upheld the WCLJ's decision. The Board subsequently issued an amended decision clarifying its prior decision by noting that it was declining to exercise its discretion to consider claimant's defective application. Claimant appeals from both decisions.
Initially, the Board's regulations provide that "an application to the [B]oard for administrative review of a decision by a [WCLJ] shall be in the format prescribed by the [Board] [c]hair" and, where, as here, the applicant is represented by counsel, it "must be filled out completely" (12 NYCRR 300.13 [b] [1]; see Matter of Drescher v Washingtonville Cent. Sch. Dist., 177 AD3d 1225, 1226 [2019]; Matter of Perry v Main Bros Oil Co., 174 AD3d 1257, 1258 [2019]). In the event of an applicant's failure to comply with the Board's prescribed formatting, completion and service requirements, the Board may deny review of the application (see 12 NYCRR 300.13 [b] [4] [i]; Matter of Waufle v Chittenden, 167 AD3d 1135, 1136 [2018]; Matter of Johnson v All Town Cent. Transp. Corp., 165 AD3d 1574, 1574-1575 [2018]).
Here, the regulations and instructions in effect at the time that the RB-89 form was completed required claimant, in response to question number 15, to "[s]pecify the objection or exception interposed to the [WCLJ's] ruling, and when the objection or exception was interposed" (12 NYCRR 300.13 [b] [2] [ii]; see Workers' Comp Bd RB-89 Instructions [Jan. 2018]). In response to this question, claimant replied, "objection noted at hearing." As noted by the Board, there was more than one hearing held in the matter and claimant's reply did not satisfy the temporal element of the regulation by identifying the hearing at which the objection was raised. We accordingly find no abuse of discretion in the Board's denial of claimant's application (see Matter of Martinez v Family Care Servs., Inc., 181 AD3d 1130, 1131 [2020]; Matter of Holman v Brinks Co., 181 AD3d 1142, 1143 [2020]; Matter of Currie v Rist Transp. Ltd., 181 AD3d 1121, 1123 [2020]).
Lynch, J.P., Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision and amended decision are affirmed, without costs.