Matter of Britton v Aerotek (2021 NY Slip Op 02197)





Matter of Britton v Aerotek


2021 NY Slip Op 02197


Decided on April 8, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:April 8, 2021

529198
[*1]In the Matter of the Claim of Andre Britton, Appellant,
v
Aerotek et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:March 10, 2021

Before:Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

Andre Britton, Rochester, appellant pro se.
Hamberger & Weiss LLP, Rochester (Stephen P. Wyder Jr. of counsel), for Aerotek and another, respondents.



Egan Jr., J.P.
Appeal from a decision of the Workers' Compensation Board, filed March 8, 2019, which ruled that claimant failed to comply with 12 NYCRR 300.13 (b) (1) and denied review of a decision by the Workers' Compensation Law Judge.
Claimant filed a workers' compensation claim, alleging that he was subject to racial discrimination and sexual harassment at work which resulted in psychological injuries. A Workers' Compensation Law Judge (hereinafter WCLJ) disallowed the claim, finding that claimant failed to credibly establish any diagnosed injuries and disabilities caused by any workplace incidents. Claimant, who was represented by counsel, filed an application for review by the Workers' Compensation Board (form RB-89). Finding that claimant failed to use the proper form
RB-89, the Board denied review and ruled that the WCLJ's decision remained in effect. Claimant appeals.
We are unpersuaded that the Board abused its discretion in denying claimant's application for Board review. Pursuant to the governing regulation, which was revised on October 3, 2016, an application for review of a WCLJ decision is required to "be in the format as prescribed by the Chair [of the Board]" (12 NYCRR 300.13 [b] [1]). To that end, "the Chair designated form RB-89 (Application for Board Review), which was revised to conform with the new regulations, as the prescribed format for applications for review" (Matter of Miller v Mo Maier Ltd., 178 AD3d 1250, 1251 [2019] [internal quotation marks and citation omitted]). In addition, the Chair, on September 29, 2016, issued a bulletin, Subject No. 046-878, advising parties that the revised form RB-89 must be used in seeking Board review, that "[a]fter December 1, 2016, the Board will only accept the modified form[]" and that any applications for Board review "using the old form [RB-89] . . . will be denied" (Matter of Miller v Mo Maier Ltd., 178 AD3d at 1251). "Where a party represented by counsel fails to comply with formatting and other submission requirements adopted by the Board, the Board may, in the exercise of its discretion, deny review of the application" (id. at 1251, citing 12 NYCRR 300.13 [b] [4] [i]; see Matter of Waufle v Chittenden, 167 AD3d 1135, 1136 [2018]).
The record reflects that claimant, who was represented by counsel, did not use the revised, governing form RB-89 when filing an application for Board review, which had been in effect for three years. As claimant's application did not comply with the format as prescribed by the Chair, we do not find that the Board abused its discretion in denying review, and its decision will not be disturbed (see Matter of Miller v Mo Maier Ltd., 178 AD3d at 1251; Matter of Waufle v Chittenden, 167 AD3d at 1136; compare Matter of Johnson v All Town Cent. Transp. Corp., 165 AD3d 1574, 1575 [2018]). To the extent that claimant contends that the improper filing was due to ineffective assistance of counsel and should be excused, " we need only note that the right to the [*2]effective assistance of counsel does not extend to administrative proceedings, except in narrowly defined circumstances not involved here" (Matter of Caballero v Fabco Enters., 77 AD3d 1028, 1029 [2010] [internal quotation marks and citation omitted], lv dismissed 16 NY3d 780 [2011]; see Matter of Sheikh v White & Blue Group Corp., 168 AD3d 1196, 1199 [2019]).
Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.