Matter of Barber v County of Cortland (2021 NY Slip Op 02202)





Matter of Barber v County of Cortland


2021 NY Slip Op 02202


Decided on April 8, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:April 8, 2021

530195
[*1]In the Matter of the Claim of Richard J. Barber, Claimant,
v
County of Cortland, Appellant. Workers' Compensation Board, Respondent.

Calendar Date:March 9, 2021

Before:Garry, P.J., Lynch, Clark, Pritzker and Colangelo, JJ.

Coughlin & Gerhart, LLP, Binghamton (Devin M. Dilts of counsel), for appellant.
Letitia James, Attorney General, New York City (Alison Kent-Friedman of counsel), for respondent.



Pritzker J.
Appeal from a decision of the Workers' Compensation Board, filed March 6, 2019, which ruled that the self-insured employer failed to comply with 12 NYCRR 300.13 (b) and denied review of a decision by the Workers' Compensation Law Judge.
In April 2016, claimant, a correction officer, was assaulted by an inmate while working, and his subsequent claim for workers' compensation benefits was established for an injury to the jaw and for post-concussive syndrome and photophobia. Following an August 2018 hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) amended the claim to include an injury to the head and found, among other things, that claimant is totally industrially disabled based upon his work-related injuries and legal blindness. On September 27, 2018, the self-insured employer filed an application for review (form RB-89) by the Workers' Compensation Board challenging, among other things, the WCLJ's finding that claimant is totally industrially disabled. The Board denied the application for Board review based upon the employer's failure to provide a complete response to question number 15 on that application. The employer appeals.
We affirm. We have consistently recognized that "the Board may adopt reasonable rules consistent with and supplemental to the provisions of the Workers' Compensation Law, and the Chair of the Board may make reasonable regulations consistent with the provisions thereof" (Matter of Randell v Christie's Inc., 183 AD3d 1057, 1059 [2020] [internal quotation marks and citations omitted]; see Matter of Haner v Niagara County Sheriff's Dept., 188 AD3d 1432, 1433 [2020]; Matter of Currie v Rist Transp. Ltd., 181 AD3d 1121, 1122 [2020]). Those regulations require, in relevant part, that "an application to the Board for administrative review of a decision by a [WCLJ] shall be in the format as prescribed by the Chair [and] . . . must be filled out completely" (12 NYCRR 300.13 [b] [1]; see Matter of Simon v Mehadrin Prime, 184 AD3d 927, 928 [2020]; Matter of Turcios v NBI Green, LLC, 182 AD3d 964, 965 [2020]). "Where, as here, a party who is represented by counsel fails to comply with the formatting, completion and service submission requirements set forth by the Board, the Board may, in its discretion, deny an application for review" (Matter of Charfauros v PTM Mgt., 180 AD3d 1132, 1133 [2020] [internal quotation marks and citations omitted], lv denied 35 NY3d 909 [2020]; see 12 NYCRR 300.13 [b] [4]; Matter of Martinez v New York Produce, 182 AD3d 966, 967 [2020]; Matter of Johnson v All Town Cent. Transp. Corp., 165 AD3d 1574, 1574-1575 [2018]).
Here, at the time that the instant application for Board review was filed, the regulations, as well as the instructions in effect at the time, required the employer, in response to question number 15, to "[s]pecify the objection or exception interposed to the [WCLJ's] ruling, and when the objection or exception was interposed" (12 NYCRR 300.13 [b] [2] [ii]; see Workers' [*2]Compensation Board RB-89 Instructions [Jan. 2018]). In response to question number 15 on the RB-89 form, the employer stated, "At hearing — see DAR at 10:10." Even if, for the sake of argument, the employer's response to question number 15 specified the objection or exception that it made, the employer's response did not — given the fact that there were, as noted by the Board, multiple hearings in this matter (compare Matter of Granica v Town of Hamburg, 181 AD3d 1034, 1036-1037 & n 1 [2020]; Matter of Jones v General Traffic Equip. Corp., 179 AD3d 1427, 1429-1430 [2020]) — satisfy the temporal element of the regulation by identifying the specific hearing at which the objection was raised. We accordingly find no abuse of discretion in the Board's denial of claimant's application (see Matter of Lebedeva v FOJP Serv. Corp., 185 AD3d 1318, 1319 [2020]; Matter of Martinez v Family Care Servs., Inc., 181 AD3d 1130, 1131 [2020]; Matter of Holman v Brinks Co., 181 AD3d 1142, 1143 [2020]; Matter of Currie v Rist Transp. Ltd., 181 AD3d at 1123).
Further, the employer's reliance on "its responses to other questions on the application for Board review does not cure the defective response to question number 15" (Matter of Griego v Mr Bult's, Inc., 188 AD3d 1429, 1431 [2020]; see Matter of Shumway v Hudson City Sch. Dist., 187 AD3d 1299, 1301 [2020]; Matter of Wanamaker v Staten Is. Zoological Socy., 184 AD3d 925, 927 n [2020]; Matter of Rzeznik v Town of Warwick, 183 AD3d 998, 1000 [2020]). The employer's remaining arguments relative to the denial of its application for Board review, including its claim that an incomplete application for Board review may only be denied "[b]y letter issued by the Chair or the Chair's designee" (12 NYCRR 300.13 [b] [4] [i]), have been examined and found to be unpersuasive.
Garry, P.J., Lynch, Clark and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.