Matter of Keeney v Andrews (2023 NY Slip Op 02155)

Matter of Keeney v Andrews

2023 NY Slip Op 02155

Decided on April 27, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 27, 2023

534607 
[*1]In the Matter of the Claim of Phyllis Keeney, Appellant,
v
Mae C. Andrews, Respondent, and Uninsured Employers' Fund TPA, Respondent. Workers' Compensation Board, Respondent.

Calendar Date:March 29, 2023

Before:Egan Jr., J.P., Lynch, Aarons, Fisher and McShan, JJ.

Schotter Millican, LLP, Brooklyn (Geoffrey H. Schotter of counsel), for appellant.
Stewart, Greenblatt, Manning & Baez, Syosset (Thomas A. Lumpkin of counsel), for Uninsured Employers' Fund TPA, respondent.

Fisher, J.
Appeal from a decision of the Workers' Compensation Board, filed December 8, 2021, which ruled that claimant failed to comply with 12 NYCRR 300.13 (b) and denied review of a decision by the Workers' Compensation Law Judge.
Claimant, a home health aide, has an established claim for injuries to her pelvis and left wrist that were sustained when she fell while she was walking her employer's dogs in June 2018. Following claimant's request for further action, the parties were directed to submit medical evidence regarding whether claimant had sustained causally-related injuries to her back and hips. After claimant's treating physician and the independent medical examiner were deposed, the Workers' Compensation Law Judge, among other things, disallowed the claim for the causally-related injuries asserted in claimant's request for further action. Claimant's subsequent application for administrative review was denied by the Workers' Compensation Board based upon the failure of claimant's counsel to provide the required attestation of electronic signature. This appeal by claimant ensued.
We affirm. In response to the pandemic caused by the novel coronavirus known as COVID-19, the Board suspended the original signature requirement applicable to certain official forms, including — as relevant here — the application for Board review (form RB-89) (see NY State Workers' Compensation Board, Emergency Relief from Original Signature Requirements on Listed Documents, available at http://www.wcb.ny.gov/
content/main/TheBoard/COVID-19-signature-requirements.jsp [last accessed Apr. 24, 2023] [hereinafter Emergency Relief]). Consistent with the emergency relief afforded, and in instances where the signature of an attorney or licensed representative was required, the Board permitted "the attorney or licensed representative [to] sign the form electronically in accordance with the New York State Electronic Signatures and Records Act (ESRA) and its accompanying regulations" (Emergency Relief; see State Technology Law § 301 et seq.; 9 NYCRR part 540). However, where this electronic signature option was utilized, the Board further required that "[t]he attorney or licensed representative shall submit the [relevant] form to the Board with an additional attestation by the attorney or licensed representative, on the letterhead of their firm" and in the form prescribed by the Board, and that such attorney or representative "shall certify this attestation, providing their given name and the firm name, and R or W number" (Emergency Relief).[FN1]
"We have consistently recognized that the Board may adopt reasonable rules consistent with and supplemental to the provisions of the Workers' Compensation Law, and the Chair of the Board may make reasonable regulations consistent with the provisions thereof" (Matter of Boehm v Town of Greece, 196 AD3d 947, 947-948 [3d Dept 2021] [internal quotation marks and citations omitted]; accord Matter of Belfiore v Penske Logistics LLC, 203 AD3d 1431[*2], 1433 [3d Dept 2022]; Matter of Barber v County of Cortland, 193 AD3d 1202, 1203 [3d Dept 2021]). As relevant here, the pertinent regulations require that "an application to the Board for administrative review of a decision by a Workers' Compensation Law Judge shall be in the format as prescribed by the Chair [and] . . . must be filled out completely" (12 NYCRR 300.13 [b] [1]; see Matter of Jones v New York City Tr. Auth., 210 AD3d 1267, 1268 [3d Dept 2022]). "Where, as here, a party who is represented by counsel fails to comply with the formatting, completion and service submission requirements set forth by the Board, the Board may, in its discretion, deny an application for review" (Matter of Charfauros v PTM Mgt., 180 AD3d 1132, 1133 [3d Dept 2020] [internal quotation marks and citations omitted], lv denied 35 NY3d 909 [2020]; accord Matter of Barber v County of Cortland, 193 AD3d at 1203; see 12 NYCRR 300.13 [b] [4]).
The Board found, our review of the record confirms and claimant does not dispute that form RB-89 submitted on her behalf and signed electronically by counsel "did not include the obligatory electronic signature attestation." Under these circumstances, we cannot say that the Board abused its discretion in denying claimant's application for administrative review (see e.g. Employer: Peckham Corp, 2021 WL 5982454, *2, 2021 NY Wrk Comp LEXIS 5891, *4 [WCB No. G089 5090, Dec. 10, 2021]; Employer: Global Partners LP, 2021 WL 934641, *2, 2021 NY Wrk Comp LEXIS 1275, *3 [WCB No. G183 7997, Mar. 3, 2021]). In this regard, the cases relied upon by claimant are inapposite (see Employer: City of Buffalo, 2022 WL 4294780, *4, 2022 NY Wrk Comp LEXIS G261 3417 [WCB No. G261 3417, Sept. 13, 2022] [no proof electronic signature utilized]; Employer: Gazebo Contracting Inc, 2022 WL 821749, *4, 2022 NY Wrk Comp LEXIS 1230, *7 [WCB No. G205 9977, Mar. 9, 2022] [application denied based upon improper service]). Claimant's remaining arguments on this point, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Egan Jr., J.P., Lynch, Aarons and McShan, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: The required attestation is set forth in full in the text of the Board's Emergency Relief.