Matter of So v Erin's Pharm. Inc. (2024 NY Slip Op 03222)

Matter of So v Erin's Pharm. Inc.

2024 NY Slip Op 03222

Decided on June 13, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 13, 2024

CV-23-1738
[*1]In the Matter of the Claim of Aesoon So, Appellant,
v
Erin's Pharmacy Inc. et al., Respondents. Workers' Compensation Board, Respondent. (And Another Related Proceeding.)

Calendar Date:April 30, 2024

Before:Clark, J.P., Aarons, Pritzker, Lynch and Ceresia, JJ.

Law Offices of Michael D. Uysal, PLLC, New York City (Michael D. Uysal of counsel), for appellant.
Law Offices of Shahab Katirachi, New York City (Peter J. Eisenhauer of counsel), for Erin's Pharmacy Inc. and another, respondents.

Aarons, J.
Appeal from a decision of the Workers' Compensation Board, filed March 2, 2023, which ruled that claimant failed to comply with 12 NYCRR 300.13 (b) and denied review of a decision by the Workers' Compensation Law Judge.
Claimant filed a claim for workers' compensation benefits on behalf of her husband (hereinafter decedent) and a workers' compensation death benefits claim, alleging that decedent contracted COVID-19 during the course of his employment as the supervising pharmacist at a pharmacy and died as a result. The employer controverted the claim, and a hearing ensued, after which the Workers' Compensation Law Judge (hereinafter WCLJ) reserved decision. On June 23, 2021, the WCLJ issued a decision disallowing the claims, finding that there was insufficient evidence of prevalence in the workplace to establish a causal connection between decedent's employment and his contraction of COVID-19.
On July 23, 2021, claimant, who was represented by counsel, filed an application for review by the Workers' Compensation Board (form RB-89). By decision filed March 2, 2023, the Board denied review, finding that claimant did not utilize the Board-designated form in effect at the time the application was made and that failure to comply with the form designation within the time required frustrates the efficient and equitable administration of the claims, and ruled that the WCLJ's decision remained in effect. Claimant appeals from the Board's March 2, 2023 decision.
Claimant contends that, pursuant to Workers' Compensation Law § 23-a (1), the Board was precluded from denying her application for review because the Board's March 2, 2023 decision was issued after the effective date of that statute, i.e., December 22, 2021. Workers' Compensation Law § 23-a (1) provides that "a mistake, omission, defect and/or other irregularity in a [form RB-89] accompanying an application for administrative review or a [form RB-89.2] accompanying an application for full [B]oard review shall not be grounds for denial of said application." The statute specifically provides, however, that it "shall apply to any and all forms prescribed by the [B]oard with respect to said applications . . . subsequent to the effective date of this section" (Workers' Compensation Law § 23-a [4]). As claimant filed her application for Board review on July 23, 2021, prior to the effective date of the statute, Workers' Compensation Law § 23-a is not applicable here (see Matter of Brown v Laboratory Corp. of Am., 222 AD3d 1127, 1130 n 2 [3d Dept 2023]; Matter of Jones v New York City Tr. Auth., 210 AD3d 1267, 1269 n [3d Dept 2022]).
Claimant further contends that the Board abused its discretion in denying her application for Board review based upon counsel's failure to use the correct version of form RB-89. Where, as here, a claimant is represented by counsel, "an application to the Board for administrative review of a decision by a [WCLJ] shall be in the format as prescribed by the Chair [of the Board]"[*2](12 NYCRR 300.13 [b] [1]; see Matter of Britton v Aerotek, 193 AD3d 1194, 1195 [3d Dept 2021]). "Where a party represented by counsel fails to comply with formatting and other submission requirements adopted by the Board, the Board may, in the exercise of its discretion, deny review of the application" (Matter of Miller v Mo Maier Ltd., 178 AD3d 1250, 1251 [3d Dept 2019]; see 12 NYCRR 300.13 [b] [4] [i]).
On November 23, 2018, the Chair designated the 11-18 version of form RB-89 as the prescribed format for applications for review (see Workers' Comp Bd Release Subject No. 046-1119). The only change to form RB-89 from the previous 1-18 version was to item 15. Both versions of the form required the applicant to provide specific information about the exception or objection to the WCLJ's ruling in item 15. The 1-18 version of item 15 required the applicant to specify "when [such exception or objection] was interposed" (see Matter of Mone v Deer Park Sand & Gravel Corp., 182 AD3d 760, 761 [3d Dept 2020] [emphasis omitted]; 12 NYCRR 300.13 [b] [2] [ii]). In releasing the 11-18 version, the Chair clarified item 15 to require the "date when [the exception or objection] was interposed" (see Workers' Comp Bd Release Subject No. 046-1119). The Chair advised that, after February 1, 2019, "any prior version of [RB-89] shall not be considered to be in the format prescribed by the Chair, and will be subject to denial of review" (Workers' Comp Bd Release Subject No. 046-1119).
There is no dispute that, on July 23, 2021, claimant's counsel filed the 1-18 version of form RB-89 rather that the revised, governing 11-18 version in effect at that time. Claimant's response to item 15 did not include information about any previously interposed exception or objection because claimant was challenging findings contained in the WCLJ's reserved decision respecting COVID-19 workplace prevalence, the causal relationship with claimant's contracture of COVID-19 and the disallowance of the claims (see 12 NYCRR 300.13 [b] [4] [v] [c]). Claimant's counsel resubmitted the application using the correct 11-18 version of RB-89 reiterating the assertions from the previously submitted 1-18 version of the form, including the response to item 15.
Although the Board possesses broad discretion to deny review of applications when counsel submits an outdated form (see Matter of Britton v Aerotek, 193 AD3d at 1195; Matter of Miller v Mo Maier Ltd., 178 AD3d at 1251; Matter of Waufle v Chittenden, 167 AD3d 1135, 1136-1137 [3d Dept 2018]), discretionary denial of claimant's application was not appropriate here. The 1-18 and 11-18 versions of form RB-89 are nearly identical, distinguishable only by a single character in the version numbers and the slight change to the language of item 15. Although the Board evidently read both of claimant's RB-89 forms, the Board did not indicate that counsel's response to item 15 on the 1-18 version — that no exception to the WCLJ's reserved decision had been previously [*3]interposed — was insufficient with respect to the same item on the 11-18 version (see 12 NYCRR 300.13 [b] [4] [v] [c]; Matter of Mone v Deer Park Sand & Gravel Corp., 182 AD3d at 761; Matter of Perry v Main Bros Oil Co., 174 AD3d 1257, 1259-1260 [3d Dept 2019]). Nor has the employer, the carrier or the Board identified any prejudice resulting from claimant's use of the 1-18 version instead of the 11-18 version.[FN1] Accordingly, under these circumstances, the Board should have exercised its discretion to accept claimant's application for review (see 12 NYCRR 300.13 [b] [4] [i]; Matter of Johnson v All Town Cent. Transp. Corp., 165 AD3d 1574, 1575 [3d Dept 2018]).
Clark, J.P., Pritzker, Lynch and Ceresia, JJ., concur.
ORDERED that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: The Attorney General did not file an appellate brief on the Board's behalf but submitted a letter asserting the Board's decision should be affirmed.