Appeals from a judgment of the Supreme Court, Oneida County (Anthony F. Shaheen, J.), entered January 27, 2010 in a personal injury action. The judgment awarded plaintiff money damages upon a jury verdict.
It is hereby ordered that the judgment so appealed from is modified on the law by granting the post-trial motion of defendants Steven J. Klosek and Varick Restaurant, Inc., doing business as The Varick Bar and Grill, setting aside the verdict against those defendants and dismissing the complaint against those defendants and as modified the judgment is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he was struck by a motorcycle operated by defendant Jeffrey J. Williams, after Williams had consumed alcoholic beverages at a restaurant owned and operated by defendants Steven J. Klosek and Varick Restaurant, Inc., doing business as The Varick Bar and Grill (collectively, Varick defendants). Williams and the Varick defendants each appeal from a judgment entered upon a jury verdict in favor of plaintiff. We reject Williams’ contention that Supreme Court abused its discretion in permitting plaintiffs expert to testify regarding the likelihood of plaintiffs need for future surgery. The admissibility and scope of expert testimony rests within the sound discretion of the court (see De Long v County of Erie, 60 NY2d 296, 307 [1983]). “ ‘[A] witness may testify as an expert if it is shown that he [or she] is skilled in the profession or field to which the subject relates[ ] and that such skill was acquired from study, experiencet ] or observation’ ” (Karasik v Bird, 98 AD2d 359, 362 [1984]; see Matott v Ward, 48 NY2d 455, 459 [1979]). Plaintiff established that his medical expert possessed “the requisite skill, training, education, knowledge or experience from which it can be assumed that the information imparted or the opinion rendered is reliable” and that the testimony was in the acceptable form of an *1374 opinion concerning the need for future medical treatment (Matott, 48 NY2d at 459; see Inzinna v Brinker Rest. Corp. [appeal No. 2], 302 AD2d 967, 968-969 [2003]; Wroblewski v National Fuel Gas Distrib. Corp., 247 AD2d 917, 918 [1998]).
We agree with the Varick defendants, however, that the court erred in denying their post-trial motion to set aside the verdict, and we therefore modify the judgment accordingly. We conclude that the court erred in instructing the jury with respect to the special use doctrine. The special use doctrine creates an exception to the general rule that the duty to keep public sidewalks in a reasonably safe condition and repair lies with municipalities when “ ‘permission [has been] given, by a municipal authority, to [abutting landowners to] interfere with a street solely for private use and convenience in no way connected with the public use’ ” (Kaufman v Silver, 90 NY2d 204, 207 [1997], quoting Clifford v Dam, 81 NY 52, 56-57 [1880]). When “the abutting landowner[s] ‘derive[ ] a special benefit from that [public property] unrelated to the public use,’ [they are] ‘required to maintain’ the used property in a reasonably safe condition to avoid injury to others” (id., quoting Poirier v City of Schenectady, 85 NY2d 310, 315 [1995]). A special use is typically characterized by “ ‘the installation of some object in the sidewalk or street or some variance in the construction thereof’ ” (Weiskopf v City of New York, 5 AD3d 202, 203 [2004], quoting Granville v City of New York, 211 AD2d 195, 197 [1995]; see Melamed v Rosefsky, 291 AD2d 602 [2002]; 1A NY PJI3d 2:111, at 649).
Here, the accident occurred when Williams attempted to drive his motorcycle away from The Varick Restaurant after he had parked it on the sidewalk. There is no indication in the record that the sidewalk had ever been altered in some way for the exclusive benefit of the Varick defendants, and plaintiff does not contend that he was injured by some defect in the structure or integrity of the sidewalk (cf. Peretich v City of New York, 263 AD2d 410 [1999]). Further, the record establishes that the Varick defendants neither directed Williams to park on the sidewalk nor had the authority to do so (see Vehicle and Traffic Law § 1202 [a] [1] [b]; see also Pulka v Edelman, 40 NY2d 781, 783 [1976], rearg denied 41 NY2d 901 [1977]). Thus, the Varick defendants had no duty to maintain, repair, supervise or control the sidewalk with respect to vehicles parked on it. Plaintiffs position on the sidewalk “was no different from that of any other passerby” using the public sidewalk (Rodriguez v Oak Point Mgt., 87 NY2d 931, 932 [1996]).
All concur except Fahey, J., who dissents in part and votes to affirm in the following memorandum.