*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   September 3, 2015                    519122
_____

In the Matter of MARK
    HIRSCHBECK,
                        Appellant,

        v

OFFICE OF THE COMMISSIONER OF
    BASEBALL, MAJOR LEAGUE                    MEMORANDUM AND ORDER
    BASEBALL, et al.,
                        Respondents.

WORKERS' COMPENSATION BOARD,
                        Respondent.
_____

Calendar Date:   August 20, 2015

Before:   Lahtinen, J.P., McCarthy, Garry and Egan Jr., JJ.

_____

        Hinman, Howard & Kattell, LLP, Binghamton (Gary C. Tyler of
counsel), for appellant.

        Ryan Roach & Ryan, LLP, Kingston (Sean J. Denvir of
counsel), for Office of the Commissioner of Baseball Major League
Baseball and another, respondents.

        Steven M. Licht, Special Funds Conservation Committee,
Albany (Jill B. Singer of counsel), for Special Disability Fund,
respondent.

_____

Garry, J.

        Appeal from a decision of the Workers' Compensation Board, filed August 16, 2013, which ruled that the employer was entitled to offset its future compensation to claimant pursuant to Workers' Compensation Law § 29 (4).

        Claimant, a major league baseball umpire, sustained a work-related injury to his right hip in 2002 and was awarded workers' compensation benefits.  Claimant underwent hip replacement surgery and, following complications and additional surgeries, was deemed permanently partially disabled.  Claimant commenced a third-party action alleging medical malpractice and products liability claims related to his initial hip replacement device.  After that action was settled in 2011 for $3.2 million, the workers' compensation carrier suspended payments of benefits, claiming that it had reserved its rights to a future offset from claimant's settlement proceeds as evidenced in a 2007 agreement.[1]  A Workers' Compensation Law Judge ruled that the carrier had clearly reserved its right to future offsets from the settlement.  The Workers' Compensation Board affirmed and this appeal by claimant ensued.

        We affirm.  An employer or carrier must "unambiguously and expressly" reserve its right to offset a claimant's future compensation benefits with the proceeds of any recovery or settlement against a third party (Matter of Brisson v County of Onondaga, 6 NY3d 273, 279 [2006]; accord Matter of Tamara v Airborne Express, Inc., 100 AD3d 1060, 1061 [2012]).  "[W]hether an employer [or carrier] adequately preserved its right to a future offset is a factual issue for the Board," and its determination will not be disturbed if supported by substantial evidence (Matter of Brisson v County of Onondaga, 6 NY3d at 279).  Here, a 2007 agreement was entered into in connection with the carrier intervening in the third-party action seeking

_____

        [1]  Pursuant to Workers' Compensation Law § 15 (8), the carrier was found to be entitled to reimbursement from the Special Disability Fund for benefits paid beyond the statutory retention period.

reimbursement of costs and the workers' compensation related lien asserted by the carrier.  In that document, it was expressly stated that the employer and its carrier "shall continue to maintain their statutory right to assert a dollar for dollar credit up to the net recovery on future benefits" pursuant to Workers' Compensation Law § 29.  We are unpersuaded by claimant's contention that alleged deficiencies in that document render the carrier's reservation of future offsets ambiguous.  As the express language in the 2007 agreement notified claimant of the carrier's intent to seek credit against future awards of compensation benefits, we find that substantial evidence supports the Board's decision and it will not be disturbed (see Matter of Whitcomb v Xerox Corp., 246 AD2d 947, 948 [1998]).

Lahtinen, J.P., McCarthy and Egan Jr., JJ., concur.


ORDERED that the decision is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court