Matter of Hirschbeck v Office of the Commr. of Major League Baseball (2020 NY Slip Op 01870)





Matter of Hirschbeck v Office of the Commr. of Major League Baseball


2020 NY Slip Op 01870


Decided on March 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 16, 2020

528658

[*1]In the Matter of the Claim of Mark Hirschbeck, Appellant,
v
Office of the Commissioner of Major League Baseball et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: February 19, 2020

Before: Garry, P.J., Clark, Devine, Pritzker and Colangelo, JJ.


Hinman, Howard & Kattell, LLP, Binghamton (Gary C. Tyler of counsel), for appellant.
Wolff, Goodrich & Goldman, LLP, Syracuse (Robert E. Geyer Jr. of counsel), for Office of the Commissioner of Major League Baseball and another, respondents.
Letitia James, Attorney General, New York City (Steven Segall of counsel), for Workers' Compensation Board, respondent.



Devine, J.
Appeal from a decision of the Workers' Compensation Board, filed August 14, 2018, which ruled that claimant failed to comply with 12 NYCRR 300.13 (b) (1) and denied review of a decision by the Workers' Compensation Law Judge.
Claimant sustained a work-related injury to his right hip in 2002 and was awarded workers' compensation benefits. Following complications after hip replacement surgery, claimant commenced a third-party action for medical malpractice and products liability. The parties reached a settlement and the Workers' Compensation Board found that the employer's workers' compensation carrier was entitled to a future offset from the settlement proceeds, a decision that was affirmed by this Court (Matter of Hirschbeck v Office of the Commr. of Baseball, 131 AD3d 1285 [2015]). In 2017, a Workers' Compensation Law Judge (hereinafter WCLJ) thereafter found, among other things, that the carrier was entitled to a credit toward ongoing and future indemnity and medical liability and that no additional payments were required by the carrier to compensate claimant for his counsel fees related to the third-party action. In October 2017, claimant filed an application (RB-89 form) with the Board seeking review of the WCLJ's decision. The Board denied the application, with one panel member submitting a concurring opinion, finding that it was defective because it was not properly filled out pursuant to 12 NYCRR 300.13 (b). Claimant appeals.
We affirm. Initially, the Board's majority decision denying claimant's application for Board review was limited to his failure to follow the Board's procedural rules and regulations and did not address the merits of the WCLJ's decision. Therefore, claimant's arguments regarding the underlying merits of that decision are not properly before us (see Matter of Fuller-Astarita v ABA Transp. Holding Co., 176 AD3d 1530, 1531 [2019]).
As to claimant's remaining contention, a represented claimant's application for Board review of a WCLJ's decision "shall be in the format as prescribed by the Chair" and "must be filled out completely" (12 NYCRR 300.13 [b] [1]; see Matter of Luckenbaugh v Glens Falls Hosp., 176 AD3d 1281, 1282 [2019]; Matter of Jones v Human Resources Admin., 174 AD3d 1010, 1011 [2019], lv denied 34 NY3d 906 [2019]). Moreover, "completion of an application for Board review means that 'each section or item of the application or rebuttal is completed in its entirety pursuant to the instructions for each form,' and that a form is not filled out completely 'when a party responds to sections or items on the form merely by referring to the attached legal brief or other documentation without further explanation'" (Matter of Perry v Main Bros Oil Co., 174 AD3d 1257, 1258 [2019] [brackets omitted], quoting Workers' Comp Bd Release Subject No. 046-940; see Matter of Presida v Health Quest Sys., Inc., 174 AD3d 1196, 1197 [2019]). Notably, "[t]he Board may deny an application for review where the party seeking review, other than a claimant who is not represented by counsel, fails to fill out completely the application or otherwise fails to 'comply with prescribed formatting, completion and service submission requirements'" (Matter of Jones v Human Resources Admin., 174 AD3d at 1012, quoting 12 NYCRR 300.13 [b] [4] [i]; see Matter of Perry v Main Bros Oil Co., 174 AD3d at 1259).
The Board's instructions for the RB-89 form regarding question number 13 required that claimant specify the date and document ID numbers of "the transcripts, documents, reports, exhibits, and other evidence in the Board's file that are relevant to the issues and grounds being raised for review." In response, claimant answered, "[a]ll hearings, transcripts and documents in [the Board] file are pertinent to the outstanding issue." By merely referencing the entire Board case file in response to question number 13, claimant failed to comply with the prescribed formatting and completion requirements (see 12 NYCRR 300.13 [b] [1]; Matter of Presida v Health Quest Sys. Inc., 174 AD3d at 1198). Accordingly, the Board did not abuse its discretion in denying claimant's application for Board review, and its decision will not be disturbed (see Matter of Williams v Village of Copenhagen, 175 AD3d 1745, 1748 [2019]; Matter of Presida v Health Quest Sys., Inc., 174 AD3d at 1198).
Garry, P.J., Clark, Pritzker and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.