Matter of Martinez v New York Produce (2020 NY Slip Op 02519)





Matter of Martinez v New York Produce


2020 NY Slip Op 02519


Decided on April 30, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 30, 2020

529190

[*1]In the Matter of the Claim of Carlos Martinez, Appellant,
v
New York Produce et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: March 24, 2020

Before: Clark, J.P., Mulvey, Devine, Pritzker and Colangelo, JJ.


Cohen & Siegel, PLLC, White Plains (Jacob Meranda of counsel), for appellant.
Letitia James, Attorney General, New York City (Donya Fernandez of counsel), for Workers' Compensation Board, respondent.



Mulvey, J.
Appeal from a decision of the Workers' Compensation Board, filed November 6, 2018, which ruled that claimant failed to comply with 12 NYCRR 300.13 (b) and denied review of a decision by the Workers' Compensation Law Judge.
In April 2017, claimant, a delivery person, filed a claim for workers' compensation benefits alleging that he had sustained work-related injuries when merchandise fell on his head. The employer and its workers' compensation carrier controverted the claim. Following depositions and hearings, a Workers' Compensation Law Judge (hereinafter WCLJ), among other things, established the claim for a traumatic brain injury, postconcussion syndrome and subdural hematoma, as well as for a work-related injury to claimant's head.
At a subsequent hearing, claimant introduced medical evidence in support of his request to amend the claim to include a work-related injury to his knees. Following the deposition of claimant's treating physician and additional hearings, the WCLJ, in an August 2018 decision, disallowed amendment of the claim for bilateral knees. Claimant, through counsel, subsequently filed an application for review by the Board (form RB-89) seeking review of the WCLJ's August 2018 decision. In a November 2018 decision, the Board denied claimant's application for Board review, finding that the application was not filled out completely as required by 12 NYCRR 300.13 (b). Claimant appeals.
We affirm. Pursuant to the Board's regulations, "[u]nless submitted by an unrepresented claimant, an application to the Board for administrative review of a decision by a [WCLJ] shall be in the format as prescribed by the Chair," and such application "must be filled out completely" (12 NYCRR 300.13 [b] [1]; see Matter of Drescher v Washingtonville Cent. Sch. Dist., 177 AD3d 1225, 1226 [2019]; Matter of Perry v Main Bros Oil Co., 174 AD3d 1257, 1258 [2019]; Matter of Jones v Human Resources Admin., 174 AD3d 1010, 1011 [2019], lv denied 34 NY3d 906 [2019]). As relevant here, an "application for administrative review . . . shall specify the issues and grounds for the appeal" (12 NYCRR 300.13 [b] [2] [i]) and "shall specify the objection or exception that was interposed to the ruling, and when the objection or exception was interposed" (12 NYCRR 300.13 [b] [2] [ii]). Where, as here, "a party who is represented by counsel fails to comply with the formatting, completion and service submission requirements set forth by the Board, the Board may, in its discretion deny [the] application for review" (Matter of Johnson v All Town Cent. Transp. Corp., 165 AD3d 1574, 1574-1575 [2018]; see 12 NYCRR 300.13 [b] [4]; Matter of Perry v Main Bros Oil Co., 174 AD3d at 1259).
When claimant filed his application for Board review in September 2018, both the relevant version of form RB-89 and the corresponding instructions then in effect required an appellant to "specify the objection or exception that was interposed to the [WCLJ's] ruling, and when the objection or exception was interposed" (12 NYCRR 300.13 [b] [2] [ii] [emphasis added]; see Workers' Comp Bd, Instructions for Completing RB-89 [Jan. 2018]). In response to question number 15, claimant identified his objection to the WCLJ's ruling; however, the Board found that claimant's response was incomplete because there were multiple hearings held in this case, and claimant's response to question number 15 failed to indicate when the objection or exception was interposed. Inasmuch as the regulation and instructions both expressly required claimant to "specify . . . when the objection or exception was interposed" (12 NYCRR 300.13 [b] [2] [ii] [emphasis added]), we cannot say that the Board abused its discretion in deeming claimant's response to question number 15 to be incomplete (see Matter of Charfauros v PTM Mgt., 180 AD3d 1132, 1134 [2020]; Matter of Cotter v Town of W. Seneca, 180 AD3d 1122, 1124 [2020]). Claimant's remaining contentions, to the extent not specifically addressed, are either academic or have been examined and found to be lacking in merit.
Clark, J.P., Devine, Pritzker and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.