Matter of Johnson v Borg Warner, Inc. (2020 NY Slip Op 04897)





Matter of Johnson v Borg Warner, Inc.


2020 NY Slip Op 04897


Decided on September 3, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 3, 2020

530679

[*1]In the Matter of the Claim of Alwyne E. Johnson, Claimant,
v
Borg Warner, Inc., et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date: August 19, 2020

Before: Egan Jr., J.P., Clark, Mulvey, Devine and Pritzker, JJ.


Gitto & Niefer, LLP, Binghamton (Jason M. Carlton of counsel), for appellants.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for respondent.



Egan Jr., J.P.
Appeal from a decision of the Workers' Compensation Board, filed July 22, 2019, which ruled that claimant sustained a compensable injury and awarded workers' compensation benefits.
Claimant, a chain manufacturer, submitted a claim for workers' compensation benefits alleging that he sustained a work-related injury to his left knee. According to claimant, his job requires constant walking in different directions in order to operate machines, sorters and stackers in a cell. Claimant testified that, on the day of the injury, he was walking through the cell and felt a sudden pain in his left knee. Claimant ultimately was diagnosed with a meniscus tear, as well as degenerative changes, in his left knee, and he underwent arthroscopic surgery. The employer and its workers' compensation carrier controverted the claim. Following a hearing, at which claimant and his treating orthopedist testified, the Workers' Compensation Law Judge established a work-related injury to claimant's left knee and awarded workers' compensation benefits. The Workers' Compensation Board affirmed, prompting this appeal.
We reverse. "The Board is empowered to determine the factual issue of whether a causal relationship exists based upon the record, and its determination will not be disturbed when supported by substantial evidence" (Matter of Bufearon v City of Rochester Bur. of Empl. Relations, 167 AD3d 1391, 1392 [2018] [internal quotation marks and citations omitted]). Although the medical opinion evidence relied upon by the Board to demonstrate the existence of a causal relationship does not need to be expressed with absolute or reasonable medical certainty, "it must signify a probability of the underlying cause that is supported by a rational basis and not be based upon a general expression of possibility" (Matter of Tucker v City of Plattsburgh Fire Dept., 153 AD3d 984, 986 [2017] [internal quotation marks and citations omitted], lv denied 30 NY3d 906 [2017]; see Matter of Qualls v Bronx Dist. Attorney's Off., 146 AD3d 1213, 1214 [2017], lv denied 29 NY3d 906 [2017]; Matter of Norton v North Syracuse Cent. School Dist., 59 AD3d 890, 891 [2009]).
The medical evidence relied upon by the Board is insufficient to establish the requisite probability that claimant's meniscus tear was causally related to his employment. Bruce Greene, claimant's treating orthopedic surgeon, testified that it was difficult to determine when the meniscus tear occurred. He further testified that there is "a strong possibility [that] there was an acute or chronic tear of [the] meniscus" and that it is "very reasonable that something could have happened at work that exacerbated a chronic [condition]." The Board, finding that the medical testimony expressing that it was "highly possible" that the injury was causally related to work, falls short of the reasonable probability that is required to establish a causal relationship between claimant's employment and his injury. As the Board relied on insufficient medical evidence, its decision is not supported by substantial evidence and must be reversed (see Matter of Norton v North Syracuse Cent. School Dist., 59 AD3d at 891; Matter of Zehr v Jefferson Rehabilitation Ctr., 17 AD3d 811, 813 [2005]).
Clark, Mulvey, Devine and Pritzker, JJ., concur.
ORDERED that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.