Matter of Boehm v Town of Greece (2021 NY Slip Op 04401)





Matter of Boehm v Town of Greece


2021 NY Slip Op 04401


Decided on July 15, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:July 15, 2021

531634
[*1]In the Matter of the Claim of Michael J. Boehm, Respondent,
v
Town of Greece et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:June 3, 2021

Before:Garry, P.J., Egan Jr., Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Hamberger & Weiss LLP, Rochester (Stephen P. Wyder Jr. of counsel), for appellants.
Segar & Sciortino PLLC, Rochester (Mark J. Hayden of counsel), for Michael J. Boehm, respondent.
Letitia James, Attorney General, New York City (Nina M. Sas of counsel), for Workers' Compensation Board, respondent.



Reynolds Fitzgerald, J.
Appeal from a decision of the Workers' Compensation Board, filed September 17, 2019, which ruled that the self-insured employer and its third-party administrator failed to comply with 12 NYCRR 300.13 (b) and denied review of a decision by the Workers' Compensation Law Judge.
In July 2012, claimant, a police officer, sustained injuries during an altercation with a suspect. His subsequent claim for workers' compensation benefits was established, and later amended, for injuries to his left hand, left shoulder, left knee, torso and neck. Hearings ensued and, in a September 2018 decision, a Workers' Compensation Law Judge (hereinafter WCLJ) found, among other things, that claimant was attached to the labor market, that a job offer made to claimant by the self-insured employer was not in good faith because it exceeded claimant's documented work restrictions and that the employer's allegations that claimant had violated Workers' Compensation Law § 114-a were unfounded. In October 2018, the self-insured employer and its third-party administrator (hereinafter collectively referred to as the employer) filed an application for review (form RB-89) by the Workers' Compensation Board challenging the WCLJ's findings. The Board subsequently denied the employer's application for Board review based upon its failure to provide a complete response to question number 13 on that application. The employer appeals.
We affirm. We have consistently recognized that "the Board may adopt reasonable rules consistent with and supplemental to the provisions of the Workers' Compensation Law, and the Chair of the Board may make reasonable regulations consistent with the provisions thereof" (Matter of Randell v Christie's Inc., 183 AD3d 1057, 1059 [2020] [internal quotation marks and citations omitted]; see Matter of Haner v Niagara County Sheriff's Dept., 188 AD3d 1432, 1433 [2020]; Matter of Currie v Rist Transp. Ltd., 181 AD3d 1121, 1122 [2020]). Those regulations require, in relevant part, that "an application to the Board for administrative review of a decision by a [WCLJ] shall be in the format as prescribed by the Chair [and] . . . must be filled out completely" (12 NYCRR 300.13 [b] [1]; see Matter of Simon v Mehadrin Prime, 184 AD3d 927, 928 [2020]; Matter of Turcios v NBI Green, LLC, 182 AD3d 964, 965 [2020]). "Where, as here, a party who is represented by counsel fails to comply with the formatting, completion and service submission requirements set forth by the Board, the Board may, in its discretion, deny an application for review" (Matter of Charfauros v PTM Mgt., 180 AD3d 1132, 1133 [2020] [internal quotation marks and citations omitted], lv denied 35 NY3d 909 [2020]; see 12 NYCRR 300.13 [b] [4]; Matter of Martinez v New York Produce, 182 AD3d 966, 967 [2020]; Matter of Johnson v All Town Cent. Transp. Corp., 165 AD3d 1574, 1574-1575 [2018]).
At the time that the instant application for Board review was filed, the instructions accompanying the January 2018 [*2]version of the form RB-89 required an applicant to, among other things, list the hearing dates as well as the "transcripts, documents, reports, exhibits, and other evidence in the Board's file that are relevant to the issues and grounds being raised for review" (Workers' Comp Bd, Instructions for Completing RB-89 [Jan. 2018]). Throughout the employer's letter brief accompanying its application for Board review, the employer relied upon, discussed and cited to, among other things, testimony from the hearings. However, in response to question number 13 on the RB-89 form, the employer failed, as the Board found, to list any hearing dates or transcripts that were relevant to the issues and grounds being raised for review. "Given the detailed list of evidentiary items encompassed by question number 13 and the overarching requirement that form RB-89 be completed in its entirety, we cannot say that the Board abused its discretion in concluding that the employer's response to this question, wherein it [failed to] reference[] . . . the underlying hearing transcript[s], was incomplete" (Matter of Williams v Village of Copenhagen, 175 AD3d 1745, 1748 [2019]; compare Matter of Haner v Niagara County Sheriff's Dept., 188 AD3d at 1434). Accordingly, we discern no basis upon which to disturb the Board's denial of the employer's application for Board review (see Matter of Williams v Village of Copenhagen, 175 AD3d at 1748; Matter of Hirschbeck v Office of the Commr. of Major League Baseball, 181 AD3d 1116, 1117 [2020]; Matter of Drescher v Washingtonville Cent. Sch. Dist., 177 AD3d 1225, 1227 [2019]).
In addition, the employer's reliance on either its letter brief or its responses to other questions on the application for Board review does not cure the defective response to question number 13 (see Matter of Griego v Mr Bult's, Inc., 188 AD3d 1429, 1431 [2020]; Matter of Shumway v Hudson City Sch. Dist., 187 AD3d 1299, 1301 [2020]; Matter of Wanamaker v Staten Is. Zoological Socy., 184 AD3d 925, 927 n [2020]). Finally, inasmuch as we have held that an incomplete application for Board review may be denied "[b]y letter issued by the Chair or the Chair's designee" (12 NYCRR 300.13 [b] [4] [i]) or by Board panel decision (see Matter of Barber v County of Cortland, 193 AD3d 1202, 1204 [2021]), the employer's claim that 12 NYCRR 300.13 (b) (4) (i) is in conflict with Workers' Compensation Law § 142 is without merit. Moreover, contrary to the employer's claim, the denial of an incomplete application for Board review by letter issued by the Chair or the Chair's designee — absent a review of the merits of an administrative appeal — does not involve the "review, hearing, rehearing, inquiry or investigation . . . conducted or made by any panel of the [B]oard consisting of not less than three members" (Workers' Compensation Law § 142 [2]; cf. Matter of Lleshi v DAG Hammarskjold Tower, 123 AD3d 1386, 1387 [2014]).
Garry, P.J., Egan Jr., Aarons and Pritzker, JJ., concur[*3].
ORDERED that the decision is affirmed, without costs.