Matter of Muse v Asplundh Constr. (2022 NY Slip Op 00102)





Matter of Muse v Asplundh Constr.


2022 NY Slip Op 00102


Decided on January 6, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 6, 2022

533139
[*1]In the Matter of the Claim of Scot A. Muse, Appellant,
v
Asplundh Construction et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:November 17, 2021

Before:Egan Jr., J.P., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.

John F. Clennan, Ronkonkoma, for appellant.
Tanisha S. Edwards, State Insurance Fund, Albany, for Asplundh Construction and another, respondents.
Letitia James, Attorney General, New York City (Nina M. Sas of counsel), for Workers' Compensation Board, respondent.



Egan Jr., J.P.
Appeal from a decision of the Workers' Compensation Board, filed September 28, 2020, which ruled that claimant failed to comply with 12 NYCRR 300.13 (b) (1) and denied review of a decision by the Workers' Compensation Law Judge.
In 2018, claimant suffered work-related injuries to his right hip and knee and his claim for workers' compensation benefits was established. The claim was later amended to include a back injury. In May 2020, a Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant was at maximum medical improvement and apportioned 40% of the claim to the 2018 accident and 60% of the claim to a 1997 work-related accident. Claimant, through counsel, filed an application for review of this decision (form RB-89) with the Workers' Compensation Board. The Board denied the application, finding that claimant failed to provide a complete response to question number 13 on the application as required by 12 NYCRR 300.13 (b) (1). Claimant appeals.
We affirm. "We have consistently recognized that the Board may adopt reasonable rules consistent with and supplemental to the provisions of the Workers' Compensation Law, and the Chair of the Board may make reasonable regulations consistent with the provisions thereof" (Matter of Boehm v Town of Greece, 196 AD3d 947, 947-948 [2021] [internal quotation marks and citations omitted]; see Matter of Haner v Niagara County Sheriff's Dept., 188 AD3d 1432, 1433 [2020], lv denied 37 NY3d 906 [2021]). Pursuant to the Board's regulations, "an application to the Board for administrative review of a decision by a [WCLJ] shall be in the format as prescribed by the Chair," and such application "must be filled out completely" (12 NYCRR 300.13 [b] [1]; see Matter of McLaughlin v Sahlen Packing Co., Inc., 192 AD3d 1315, 1316 [2021]). "Where, as here, a party who is represented by counsel fails to comply with the formatting, completion and service submission requirements set forth by the Board, the Board may, in its discretion, deny an application for review" (Matter of Charfauros v PTM Mgt., 180 AD3d 1132, 1133 [2020] [internal quotation marks and citations omitted], lv denied 35 NY3d 909 [2020]; see 12 NYCRR 300.13 [b] [4]; Matter of Martinez v New York Produce, 182 AD3d 966, 967 [2020]).
At the time the instant application for Board review was filled, the RB-89 form, as well as the accompanying instructions for the form, unambiguously required that, in order to provide a complete response to question number 13, applicants were required to "[i]ndicate the hearing date(s) on which the issues(s) was raised before the WCLJ, as well as any other relevant hearing dates" and "[i]dentify by date and/or documents ID number(s) the transcripts, documents, reports, exhibits, and other evidence in the Board's file that are relevant to the issues and grounds being raised for review" (Workers' Comp Bd RB-89 Instructions [Nov. 2018]). In response to question number 13 on his application, claimant stated "5/26[*2]/20 hearing." Although claimant properly identified the hearing date at which the issue was raised, he failed to identify certain medical reports and a deposition transcript that he relied on in his letter brief accompanying the application that were relevant to the issues raised therein. Under these circumstances, we cannot say that the Board abused its discretion in deeming claimant's response to question number 13 to be incomplete and denying the application (see Matter of Boehm v Town of Greece, 196 AD3d at 948-949; Matter of Drescher v Washingtonville Cent. Sch. Dist., 177 AD3d 1225, 1227 [2019]; Matter of Williams v Village of Copenhagen, 175 AD3d 1745, 1748 [2019]).[FN1] Claimant's remaining contentions, to the extent not specifically addressed, have been examined and found to be without merit.
Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: Although claimant also argues that the WCLJ erred in denying his request to obtain a certain permanency report, the underlying merits of the WCLJ's decision are not properly before us (see Matter of Perry v All Am. Sch. Bus Corp., 181 AD3d 1113, 1116 n 2 [2020]).