Matter of Dunlap v Jetblue Airways Corp. (2023 NY Slip Op 02814)

Matter of Dunlap v Jetblue Airways Corp.

2023 NY Slip Op 02814

Decided on May 25, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 25, 2023

534443
[*1]In the Matter of David Dunlap, Appellant,
v
Jetblue Airways Corporation et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:May 3, 2023

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Ceresia, JJ.

The Chase Sensale Law Group, Hauppauge (John F. Clennan, Ronkonkoma, of counsel), for appellant.
Goldberg Segalla, Rochester (Bradford J. Reid of counsel), for JetBlue Airways Corporation and another, respondents.

Lynch, J.
Appeals (1) from a decision of the Workers' Compensation Board, filed November 9, 2021, which ruled that claimant failed to comply with 12 NYCRR 300.13 (b) and denied review of a decision by the Workers' Compensation Law Judge, and (2) from a decision of said Board, filed February 11, 2022, which denied claimant's application for reconsideration and/or full Board review.
In October 2019, claimant, an airline pilot, filed a claim for workers' compensation benefits, alleging that he had developed work-related brain damage and neurological disorders as the result of toxic fume inhalation. Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) found, among other things, that claimant had not established a causally-related disability and disallowed the claim. On August 21, 2021, claimant filed an application for review by the Workers' Compensation Board (form RB-89) challenging the WCLJ's determination. In a November 2021 decision, the Board denied claimant's application for review, finding that claimant had failed to provide a complete response to question number 13 on the application as then required by 12 NYCRR 300.13 (b) (1). Claimant's subsequent application for reconsideration and/or full Board review was denied. Claimant appeals from both decisions.
We affirm. "As we previously have stated, the Board may adopt reasonable rules consistent with and supplemental to the provisions of the Workers' Compensation Law, and the Chair of the Board may make reasonable regulations consistent with the provisions thereof" (Matter of Darcy v Brentwood UFSD, 202 AD3d 1256, 1256-1257 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Boehm v Town of Greece, 196 AD3d 947, 947-948 [3d Dept 2021]). "Pursuant to the Board's regulations, an application to the Board for administrative review of a decision by a WCLJ shall be in the format as prescribed by the Chair, and such application must be filled out completely" (Matter of Muse v Asplundh Constr., 201 AD3d 1115, 1116 [3d Dept 2022] [internal quotation marks, brackets and citation omitted]; see 12 NYCRR 300.13 [b] [1]; Matter of Luckenbaugh v Glens Falls Hosp., 176 AD3d 1281, 1282 [3d Dept 2019]). "Where, as here, a party who is represented by counsel fails to comply with the formatting, completion and service submission requirements set forth by the Board, the Board may, in its discretion, deny the application for review" (Matter of Holman v Brinks Co., 181 AD3d 1142, 1143 [3d Dept 2020] [internal quotation marks, brackets and citations omitted]; see Matter of Martinez v New York Produce, 182 AD3d 966, 967 [3d Dept 2020]).[FN1]
The Board's instructions for completing the RB-89 application with respect to question number 13 in effect at the time that claimant filed his application for Board review required him to, among other things, "[i]dentify by date and/or documents ID number[s] the transcripts, documents, reports, exhibits, and other evidence in the Board's file that [*2]are relevant to the issues and grounds being raised for review" (Workers' Comp Bd, Instructions for Completing RB-89 [Nov. 2018]). In responding to question number 13 on the application, claimant, who was represented by counsel, did not identify the written report of Richard Stripp, a toxicologist who reviewed claimant's medical records on behalf of the employer, despite challenging the admissibility of the report and Stripp's findings in the letter accompanying the application. Under these circumstances, we find no abuse of discretion in the Board determining claimant's response to question number 13 to be incomplete and denying the application (see Matter of Muse v Asplundh Constr., 201 AD3d at 1116; Matter of Drescher v Washingtonville Cent. Sch. Dist., 177 AD3d 1225, 1227 [3d Dept 2019]).
Egan Jr., J.P., Clark, Pritzker and Ceresia, JJ., concur.
ORDERED that the decisions are affirmed, without costs.

Footnotes

Footnote 1: As we have previously noted, the Legislature recently enacted Workers' Compensation Law § 23-a (1), which provides that "a mistake, omission, defect and/or other irregularity in a [form RB-89] accompanying an application for administrative review or a [form RB 89.2] accompanying an application for full [B]oard review shall not be grounds for denial of said application." This newly-enacted provision, however, explicitly provides that it "shall apply to any and all forms prescribed by the [B]oard with respect to said applications . . . subsequent to the effective date of this section" (Workers' Compensation Law § 23-a [4]). As Workers' Compensation Law § 23-a did not go into effect until December 22, 2021 (L 2021, ch 718, §§ 1-2), this statute does not apply here (see Matter of Christie v Universal Music Group, 211 AD3d 1305, 1306 n [3d Dept 2022]).