Matter of Brown v Laboratory Corp. of Am. (2023 NY Slip Op 06415)

Matter of Brown v Laboratory Corp. of Am.

2023 NY Slip Op 06415

Decided on December 14, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 14, 2023

535283
[*1]In the Matter of the Claim of Racheal L. Brown, Appellant,
v
Laboratory Corporation of America et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:November 17, 2023

Before:Garry, P.J., Egan Jr., Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Bruce B. Rubin, Troy, for appellant.
Sullivan Keenan & Oliver, LLP, Albany (John M. Oliver of counsel), for Laboratory Corporation of America and another, respondents.

Egan Jr., J.
Appeals (1) from a decision of the Workers' Compensation Board, filed March 18, 2021, which, among other things, disallowed claimant's request to amend her established occupational disease claim to include consequential right carpal tunnel syndrome, and (2) from a decision of said Board, filed December 16, 2021, which, among other things, held that claimant had a mild degree of causally-related disability, and directed awards.
Claimant, a phlebotomist, filed a claim for workers' compensation benefits in October 2017, alleging that she sustained injuries to her right wrist, thumb, forearm, upper extremity, neck and shoulder as a result of repetitive stress incurred in her job, and had stopped working as of September 28, 2017. After a hearing and submission of medical deposition testimony, a Workers' Compensation Law Judge (hereinafter WCLJ) established the claim for an occupational disease of right wrist tendonitis, set the date of disablement and issued an amended decision filed April 3, 2018 to that effect. However, the WCLJ disallowed the claim for the occupational disease of right carpal tunnel syndrome finding insufficient medical testimony to support that diagnosis, and also disallowed the claim for an occupational disease of upper right extremity finding inadequate proof that her work caused such conditions. Claimant did not seek administrative review of that determination.
Claimant had carpal tunnel release surgery on her right wrist in June 2019. At a hearing on December 26, 2019 addressing claimant's application to amend her claim in several respects,[FN1] claimant raised the issue that she had right carpal tunnel syndrome consequential to her established right wrist tendonitis condition rather than carpal tunnel as an occupational disease directly related to her employment, the latter of which had previously been disallowed. The WCLJ declined to entertain that amendment request but the Workers' Compensation Board later determined, in a decision filed July 27, 2020, that claimant had adduced prima facie evidence of right carpal tunnel syndrome consequential to her established right wrist condition, and directed further development of the record on that issue. After further medical examinations and a hearing, by decision filed December 9, 2020, the WCLJ amended claimant's established occupational disease claim to include consequential right carpal tunnel syndrome and authorized treatment. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) appealed that decision, for which claimant filed a rebuttal.
While that appeal was pending, a hearing was held before the WCLJ on March 16, 2021 addressing awards related to, among other periods, time lost due to consequential right carpal tunnel syndrome. However, on March 18, 2021, the Board issued a decision on the carrier's appeal of the WCLJ's July 27, 2020 decision which, among other things, reviewed the evidence and concluded that claimant had not [*2]demonstrated consequential right carpal tunnel syndrome as a result of the established right wrist tendonitis claim and disallowed that request to amend, modifying the WCLJ's decision accordingly. The Board also rejected claimant's rebuttal application (form RB-89.1) for review as deficient and held that her direct claim for the occupational disease of right carpal tunnel syndrome due to work activities had previously been disallowed in the WCLJ's April 3, 2018 decision, which had not been appealed and was therefore final.
The day after the Board filed its decision that rejected the claim to amend the claim and add a consequential condition, March 19, 2021, the WCLJ issued a decision stemming from the March 16, 2021 hearing which, among other things, directed lost time awards for various periods in 2019 at a marked disability rate including the period following claimant's June 2019 carpal tunnel surgery. On the carrier's appeal of that decision, the Board issued a decision filed December 16, 2021, which modified the WCLJ's decision, noting that the Board had previously disallowed the consequential right carpal tunnel syndrome claim in its March 18, 2021 decision. With regard to the only issue properly before it, the Board reviewed the evidence and held that the degree of disability on the established sites and conditions was mild (for the period of June 13, 2019 through November 4, 2019), and directed awards at the mild disability rate. Claimant appeals from the Board decisions filed March 18, 2021 and December 16, 2021.
We affirm. Initially, claimant argues that the Board abused its discretion in refusing to consider her rebuttal (form RB-89.1) filed February 4, 2021 in opposition to the carrier's appeal of the WCLJ's December 9, 2020 decision. An appeal to the Board, unless submitted by an unrepresented claimant, must be in the format prescribed by the Board and "must be filled out completely" (12 NYCRR 300.13 [b] [1]; see Matter of Dunlap v Jetblue Airways Corp., 216 AD3d 1379, 1380 [3d Dept 2023]). A rebuttal to an application for review "shall conform to the requirements for requests for administrative review" as set forth in 12 NYCRR 300.13 (b) (see 12 NYCRR 300.13 [c]). In response to question number 13 in her RB-89.1 rebuttal application, which directed that she respond "to each issue raised" in the application for administrative review, claimant, who was represented by counsel, wrote "[p]lease see the attached letter." "[C]ompletion of an application for Board review means that 'each section or item of the application or rebuttal is completed in its entirety pursuant to the instructions for each form,' and that a form is not filled out completely 'when a party responds to sections or items on the form merely by referring to the attached legal brief or other documentation without further explanation' " (Matter of Hirschbeck v Office of the Commr. of Major League Baseball, 181 AD3d 1116, 1117 [3d Dept 2020], quoting Workers' Comp Bd Release [*3]Subject No. 046-940; see Workers' Comp Bd, Instructions for Completing RB-89 [Nov. 2018]; see also Matter of Boehm v Town of Greece, 196 AD3d 947, 948-949 [3d Dept 2021]). Claimant's "reliance on either [her] letter brief or [her] responses to other questions on the application for Board review does not cure the defective response to question number 13" (Matter of Boehm v Town of Greece, 196 AD3d at 949). Under these circumstances, we find no abuse of discretion in the Board determining that claimant's response to question number 13 was incomplete and denying consideration of the rebuttal form (see 12 NYCRR 300.13 [b] [1]; [4] [i]; Matter of Muse v Asplundh Constr., 201 AD3d 1115, 1116 [3d Dept 2022]; Matter of Boehm v Town of Greece, 196 AD3d at 948-949; Matter of Hirschbeck v Office of Commr. of Major League Baseball, 181 AD3d at 1117).[FN2]
Turning to claimant's challenge to the Board's March 18, 2021 decision denying her application to amend the claim to include consequential carpal tunnel syndrome, "the Board is empowered to determine the factual issue of whether a causal relationship exists based upon the record, and its determination will not be disturbed when supported by substantial evidence" (Matter of Brennan v Village of Johnson City, 213 AD3d 1058, 1059 [3d Dept 2023] [internal quotation marks, brackets and citations omitted]). To that end, "[w]hether a subsequent disability arose consequentially from an existing compensable injury is a factual question for resolution by the Board" (Matter of Allen v CPP-Syracuse, Inc., 194 AD3d 1278, 1279 [3d Dept 2021] [internal quotation marks and citations omitted]), and "the Board is vested with the authority to resolve conflicting medical opinions and to draw reasonable inferences from record evidence" (Matter of Brennan v Village of Johnson City, 213 AD3d at 1059 [internal quotation marks and citations omitted]). "[A]s the party seeking benefits, claimant bears the burden of establishing, by competent medical evidence, a causal connection or relationship between her employment and the claimed disability" (Matter of Blanch v Delta Air Lines, 204 AD3d 1203, 1205 [3d Dept 2022] [internal quotation marks and citations omitted]).
As the Board noted, claimant's direct claim for carpal tunnel syndrome as an occupational disease had previously been disallowed based upon the lack of competent medical evidence to establish that claim. In considering the claim for consequential injury involving carpal tunnel syndrome, the Board reviewed the testimony and opinion of claimant's treating surgeon, Carol Fisher, finding that it did not clearly establish that claimant developed carpal tunnel syndrome as a consequence of her occupational disease involving right wrist tendonitis due to overuse. As relevant here, a review of Fisher's testimony reflects that she diagnosed claimant with flexor tenosynovitis which caused a narrowing of the carpal tunnel and explained why she believed it was causally-related to claimant's [*4]wrist condition, but conceded that this conclusion was due to the lack of any other known reason for the swelling and that there could have been other causes. The Board found that her testimony established, at most, that claimant had carpal tunnel syndrome "possibly relating directly to overuse" in the workplace, a direct occupational disease claim that had been disallowed, and that her testimony did not demonstrate that her carpal tunnel syndrome was a consequence of her established occupational disease. The carrier's consultant, who examined claimant multiple times between 2017 and 2020, testified that her carpal tunnel syndrome was not consequential to her established right wrist tendonitis. In view of the foregoing, and according deference to the Board's assessments of credibility and the inferences to be drawn from conflicting medical testimony, we find that substantial evidence in the record supports its decision to disallow claimant's request to amend her claim in the manner sought (see Matter of Blanch v Delta Air Lines, 204 AD3d at 1206).
Finally, claimant's only argument addressed to the Board's December 16, 2021 decision — modifying claimant's degree of disability and awards for the period following her June 13, 2019 carpal tunnel surgery — rests on her claim, rejected here, that the Board's March 18, 2021 decision denying her consequential claim should be reversed. The Board modified the degree of disability and corresponding disability award to reflect a mild degree of disability based only upon the established conditions, which was supported by the opinions of Fisher and the carrier's consultant that those conditions were residual and continuing. Claimant's remaining claims have been considered and found to be without merit.
Garry, P.J., Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decisions are affirmed, with costs.

Footnotes

Footnote 1: The claim was amended in December 2019 to include a consequential left elbow injury but a claim for an occupational disease of the neck was disallowed.

Footnote 2: Workers' Compensation Law § 23-a, providing that certain defects in form RB-89 and RB-89.1 are not grounds for denying those applications or rebuttal, is inapplicable in that it did not go into effect until December 22, 2021, after claimant's rebuttal application here (see Matter of Dunlap v Jetblue Airways Corp., 216 AD3d at 1380).