Matter of DiPippo v Accurate Signs & Awnings (2024 NY Slip Op 04848)

Matter of DiPippo v Accurate Signs & Awnings

2024 NY Slip Op 04848

Decided on October 3, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 3, 2024

536065
[*1]In the Matter of the Claim of Michael DiPippo, Appellant,
v
Accurate Signs and Awnings et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:September 5, 2024

Before:Clark, J.P., Aarons, Reynolds Fitzgerald, McShan and Mackey, JJ.

John F. Clennan, Ronkonkoma, for appellant.
Habberfield Kaszycki, LLP, Buffalo (Michael J. Menchini of counsel), for Accurate Signs and Awnings and another, respondents.

Reynolds Fitzgerald, J.
Appeal from a decision of the Workers' Compensation Board, filed July 7, 2022, which, among other things, disallowed claimant's request to amend his claim to include the consequential amputation of his right leg.
As the result of an August 2006 work-related fall, claimant has an established claim for injuries to his right ribs, right elbow, both hands, left foot, left leg and face, which subsequently was amended to include, among other injuries, consequential right leg deep vein thrombosis and obesity. Claimant underwent an above-the-knee amputation of his right leg in 2014 and underwent a similar amputation of his left leg in 2018. In the interim, claimant pro se sought to amend his claim to include the consequential amputation of his right leg "caused by arterial clot/hypercoagulable condition/infection caused by obesity/sedentary lifestyle." Ultimately, the Workers' Compensation Board disallowed the claim, finding that the medical proof adduced was insufficient to establish the requisite causal nexus between the initial work-related injury for which the claim was established and the subsequently alleged consequential injury. This appeal by claimant ensued.
We affirm. "Whether a subsequent disability arose consequentially from an existing compensable injury is a factual question for resolution by the Board, and its determination will not be disturbed when supported by substantial evidence" (Matter of Allen v CPP-Syracuse, Inc., 194 AD3d 1278, 1279 [3d Dept 2021] [internal quotation marks and citations omitted]; see Matter of Brown v Laboratory Corp. of Am., 222 AD3d 1127, 1131 [3d Dept 2023]; Matter of Barden v General Physicians PC, 198 AD3d 1060, 1061 [3d Dept 2021]). "[A]s the party seeking benefits, claimant bears the burden of establishing, by competent medical evidence, a causal connection or relationship between [his] employment and the claimed disability" (Matter of Blanch v Delta Air Lines, 204 AD3d 1203, 1205 [3d Dept 2022] [internal quotation marks and citations omitted]; accord Matter of Brown v Laboratory Corp. of Am., 222 AD3d at 1131). In this regard, "the Board is vested with the authority to resolve conflicting medical opinions and to draw reasonable inferences from [the] record evidence" (Matter of Brennan v Village of Johnson City, 213 AD3d 1058, 1060 [3d Dept 2023] [internal quotation marks and citations omitted]; accord Matter of Brown v Laboratory Corp. of Am., 222 AD3d at 1131). Although "the Workers' Compensation Law does not require that medical opinions be expressed with absolute or reasonable medical certainty," such proof nonetheless "must signify a probability of the underlying cause that is supported by a rational basis and not be based upon a general expression of possibility" (Matter of Tucker v City of Plattsburgh Fire Dept., 153 AD3d 984, 985, 986 [3d Dept 2017] [internal quotation marks and citations omitted], lv denied 30 NY3d 906 [2017]; see Matter of Johnson v Borg Warner, Inc., 186 AD3d 1772, 1773 [3d Dept [*2]2020]).
The crux of claimant's argument upon appeal is that the Board's decision is not supported by substantial evidence because the Board failed to consider claimant's practical experience (gleaned from his multiple medical procedures, years of treatment and online research) and resulting opinion regarding the cause and origin of his right leg amputation. "A witness may testify as an expert if it is shown that he or she is skilled in the profession or field to which the subject relates and that such skill was acquired from study, experience or observation" (Zarnoch v Williams, 83 AD3d 1373, 1373 [4th Dept 2011] [internal quotation marks, brackets and citations omitted], lv denied 17 NY3d 708 [2011]). Stated differently, in order to qualify as an expert, claimant needed to establish that he "possessed the requisite skill, training, education, knowledge or experience from which it can be assumed that the information imparted or the opinion rendered is reliable" (id. [internal quotation marks and citation omitted]; see Shattuck v Anain, 174 AD3d 1339, 1340 [4th Dept 2019]).
Although there is little question that claimant has an opinion as to the cause of the amputation of his right leg, the fact remains that claimant's independent analysis is insufficient to establish the required causal connection, as he simply fails to qualify as a medical expert (see Chase v Cayuga Med. Ctr. at Ithaca, 2 AD3d 990, 991 [3d Dept 2003]). Beyond that, the record — at best — demonstrates that it was "possible" or "plausible" that certain clotting disorders "could" have led to the amputation of claimant's right leg, and such generalized statements are similarly insufficient to meet claimant's burden of proof (see Matter of Morgan v Kinray, Inc., 226 AD3d 1288, 1290-1291 [3d Dept 2024]; Matter of Johnson v Borg Warner, Inc., 186 AD3d at 1773; Matter of Cartafalsa v Zurich Am. Ins. Co., 175 AD3d 1762, 1763 [3d Dept 2019]). Accordingly, we find that the Board's decision disallowing claimant's request to further amend his claim is supported by substantial evidence. Claimant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Clark, J.P., Aarons, McShan and Mackey, JJ., concur.
ORDERED that the decision is affirmed, without costs.